MELZIE WATTS ET AL. v. LEWIS LEFLER AND A. F. LEFLER.

(Filed 7 December, 1927.)

**Trials—Nonsuit—Verdict—Damages—Appeal and Error—New Trials.**

> In a personal injury negligent action brought by several plaintiffs, where a judgment of nonsuit as to the recovery of one of them is rendered, during the trial, who appeals, the verdict of the jury awarding damages to all is not available to the nonsuited plaintiff, as after the nonsuit he was not a party to the further proceedings, and must abide by a smaller amount of damages awarded by the verdict upon the subsequent trial.

CIVIL ACTION, before *Schenck, J.,* at February Term, 1927, of CABARRUS.

Melzie Watts, Wiley V. Davis, Mosie Ree Reel .and Charles E. Turner each instituted separate actions for damages against the defendants, Lewis Lefler and A. F. Lefler. A. F. Lefler was the father of Lewis Lefler and owned the automobile which the plaintiffs allege collided with the truck in which they were riding, and as a result of which they sustained personal injuries. Lewis Lefler was driving the automobile at the time of said collision. The cases were consolidated for trial. Both sides appealed.

*H. S. Williams, J. Lee Crowell, Jr., and J. L. Crowell for plaintiffs.*
*Hartsell & Hartsell and Armfield, Sherrin & Barnhardt for defendants.*

## PLAINTIFFS' APPEAL.

PER CURIAM. This cause was considered upon a former appeal reported in 190 N. C., p. 722. In that case judgment of nonsuit was entered as to the defendant, A. F. Lefler, and the cause was prosecuted to final judgment against the defendant, Lewis Lefler, who did not appeal. This Court reversed the judgment of nonsuit so entered. In the former trial upon issues submitted as to the liability of Lewis Lefler the jury awarded damages to plaintiffs as follows: Melzie Watts, $2,500; Wiley V. Davis, $250; Mosie Ree Reel, $250, and Charles E. Turner, $500. Thereafter at the February Term, 1927, the cause was again tried upon the following issues:

1. Was Lewis Lefler the agent and servant of the defendant, A. F. Lefler, at the time of the injury to the plaintiff, Melzie Watts, as alleged in the complaint?

2. Was the injury to the plaintiff, Melzie Watts, caused by the negligence of the defendant's agent and servant, Lewis Lefler, as alleged in the complaint?

3. Did the plaintiff, Melzie Watts, by her own negligence contribute to her own injury, as alleged in the answer?

4. What damage, if any, is the plaintiff, Melzie Watts, entitled to recover of the defendant, A. F. Lefler?

The jury answered the first two issues "Yes" and the third issue "No" in each of the four cases or as to each of the four plaintiffs; and answered the fourth issue $1,200 as to Melzie Watts; $75 as to Wiley V. Davis; $25 as to Mosie Ree Reel, and $200 as to Charles E. Turner.

The plaintiffs contend that, as the nonsuit in the former trial was reversed, the defendant, A. F. Lefler, is bound by the verdict in the former suit, and should therefore be required to pay the larger amounts

specified in the judgment against Lewis Lefler rather than the smaller amounts awarded by the jury in the present case. This contention cannot be sustained. Ordinarily joint *tort feasors* may be sued separately or together. *Hipp v. Farrell,* 169 N. C., 551; *Raulf v. Light Co.,* 176 N. C., 691; *Martin v. Buffaloe,* 128 N. C., 305. When the trial court sustained the motion of nonsuit as to the defendant, A. F. Lefler, in the first trial he had no connection with the subsequent proceedings of the court, and hence was not a party to the judgment rendered. Therefore, he would not be estopped by said judgment. Moreover the issues in the case at bar are not identical with the issues in the former case, and one of the essentials of the estoppel by judgment is the identity of issues. *Hardison v. Everett,* 192 N. C., 371. We conclude upon the plaintiffs' appeal that the judgment should be affirmed. No error.

## DEFENDANTS' APPEAL.

A careful examination of the assignments of error in the defendants' appeal discloses no error of law. The judgment is affirmed.

No error.