MRS. H. O. CHARNOCK v. FORREST C. TAYLOR, DEFENDANT, AND ET & WNC TRANSPORTATION COMPANY, SECOND PARTY DEFENDANT.

(Filed 22 September, 1943.)

1. **Courts § 11—**

The *lex loci*, or law of the *situs*, determines the substantive rights of the parties, and the *lex fori* governs in matters of remedy and procedure.

2. **Courts § 13: Torts § 6—**

If there is no right of action in the sovereignty where the alleged tort occurred, there is none anywhere.

3. **Courts § 11: Torts § 6—**

Under the common law there is no right of action by one joint tort-feasor to enforce contribution from another, and Tennessee follows the common law.

4. **Courts § 11: Evidence § 3—**

C. S., 1749, requires our courts to take judicial notice of the laws of Tennessee.

5. **Courts § 13: Torts § 6—**

It was not the purpose and it is not the effect of C. S., 618, to create a cause of action in contribution between joint tort-feasors when the *lex loci delicti* gives none.

6. **Torts § 5—**

The liability of joint tort-feasors to one who has sustained an injury through their common negligence is joint and several; and the injured party may sue either of them separately or any or all of them together, at his option.

7. **Torts §§ 5, 6—**

In so far as plaintiff is concerned, when he has elected to sue only one of joint tort-feasors, the others are not necessary parties and plaintiff cannot be compelled to pursue them; nor can the original defendant avail himself of C. S., 618, to compel plaintiff to join issue with a defendant he has elected not to sue. Original defendant cannot rely on the liability of the party brought in to the original plaintiff, but must recover, if at all, upon the liability of such party to him.

APPEAL by defendant Forrest C. Taylor from *Alley, J.*, at Regular July Term, 1943, of BUNCOMBE.

The plaintiff, Mrs. Charnock, brought this action against the defendant, Forrest C. Taylor, to recover damages for an injury alleged to have

been sustained through the negligence of the said Taylor in connection with the collision of an automobile in which plaintiff was riding in the city of Bristol, Tennessee.

The defendant answered, denying negligence and alleging that plaintiff received her injury, if at all, through the sole negligence of the ET & WNC Transportation Company, a Tennessee corporation; but still denying his negligence, alleges that. if in truth and fact he was negligent, the said ET & WNC Transportation Company was, in this respect, a joint tort-feasor with him in negligently causing plaintiff's injury, and asked for contribution in case recovery was had against him.

Seeking to avail himself of the provisions of C. S., 618, as amended, Taylor filed a petition to bring in the Transportation Company as a party, which was allowed by the clerk. Service was made upon the Company in this State.

Since the complaint of Mrs. Charnock contained no allegation of negligence against the Transportation Company, that defendant demurred to the complaint as not stating a cause of action against it. At the same time it demurred to the answer of Taylor, which asked affirmative relief, as not stating a cause of action against this defendant, for that in this respect the Tennessee law applies and governs, and this does not recognize contribution between joint tort-feasors, or permit an action by one joint tort-feasor against another to recover contribution.

The demurrer to the answer of Taylor was sustained, and the defendant Taylor appealed.

*Harkins, Van Winkle & Walton for defendant Forrest C. Taylor, appellant.*

*George A. Shuford for second party defendant, ET & WNC Transportation Company, appellee.*

SEAWELL, J. Whether for reasons of comity (*Bond v. Hume,* 243 U. S., 15, 61 L. Ed., 565), or for convenience, or out of respect for the fact that those who are in the jurisdiction of a foreign sovereignty, even temporarily, are under the protection of its laws and must conform their conduct to them (*Ala. etc. R. R. Co. v. Carroll,* 97 Ala., 126, 138, 11 So., 803), the rule in case of conflict of laws may be stated generally as follows: As to substantive laws, or laws affecting the cause of action, the *lex loci*—or law of the jurisdiction in which the transaction occurred or circumstances arose on which the litigation is based—will govern; as to the law merely going to the remedy, or procedural in its nature, the *lex fori*—or law of the forum in which the remedy is sought—will control. *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101; *Farfour v. Fahad,* 214 N. C., 281, 199 S. E., 521. "The broad, uncontroverted

rule is that the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy." 11 Am. Jur., Conflict of Laws, sec. 14. To put it concisely, the *lex loci,* or law of the *situs,* determines the substantive rights of the parties, and the *lex fori* governs in matters of remedy and procedure.

The rule is followed with practical uniformity in its particular application to actions founded in tort: Matters affecting the substantial rights of the parties are determined by the *lex loci delicti commissi,* and remedial, or procedural, rights are determined by the law of the forum.

Within this rule are questions relating to the existence or non-existence of a cause of action—that is, whether the circumstances out of which the litigation arose created or gave rise to such right. This is stated concisely in 15 C. J. S., Conflict of Laws, sec. 12, as follows: "The *lex loci delicti* governs the substantial aspects of torts, and determines whether a right of action in tort has been created and its extent." In Restatement, Conflict of Laws, sec. 378, the American Law Institute expresses the rule: "The law of the place of wrong determines whether a person has sustained a legal injury." *Young v. Masci,* 289 U. S., 253, 77 L. Ed., 1158, 88 A. L. R., 170. See same case, 83 A. L. R., 869. *Gray v. Gray,* 87 N. H., 82, 174 A., 508; *Russ v. R. R.,* 220 N. C., 715, 18 S. E. (2d), 130; *McDonald v. Mallory,* 77 N. Y., 546, 550. In *Howard v. Howard, supra,* Minor on Conflict of Laws, 479, sec. 194, is quoted with approval:

" 'If under the *lex loci* there is a right of action, comity permits it to be prosecuted in another jurisdiction; but if under the *lex loci* no right of action is created or exists, then it exists nowhere and can be prosecuted in no jurisdiction.' *Pender v. Machine Co.,* 35 R. I., 321; L. R. A. 1916-A, 428. This statement of law is generally accepted."

The case at bar is novel only in one aspect. No case under similar conflict of laws has been brought to our attention involving a demand for contribution between joint tort-feasors. But the rule is broad enough to cover that situation, since such demand would not arise except as it grew out of the tortious transaction and the relation thus brought about between the parties.

With respect to legal liability for contribution between joint tort-feasors, the laws of North Carolina and the laws of Tennessee, where admittedly the collision of the vehicles and injury of plaintiff occurred, are at variance. Under the common law there is no right to an action by one joint tort-feasor to enforce contribution from another. *Lineberger v. Gastonia,* 196 N. C., 445, 146 S. E., 79; *Guthrie v. Durham,* 168 N. C., 573, 84 S. E., 859; *Gregg v. Wilmington,* 155 N. C., 18, 70 S. E., 1070; *Doles v. R. R.,* 160 N. C., 318, 75 S. E., 722. In North

Carolina the common law in this respect has been superseded by statute, amending C. S., 618; in Tennessee it still prevails, and was in force at the time of the occurrence on which this litigation is based. *Aderson v. Saylors,* 40 Tenn. (3 Head), 551; *Rhea v. White,* 40 Tenn. (3 Head), 121; *Cohen v. Noel,* 165 Tenn., 600, 56 S. W. (2d), 744, 746.

The effect of section 618 of the Consolidated Statutes, as amended, was to give a right or cause of action to a joint tort-feasor against his fellow participant in the negligent act to enforce contribution—this right to be asserted in any action brought to recover for the injury, or independently after judgment has been taken; and the Act provides machinery for bringing such joint tort-feasor into the case.

The liability of joint tort-feasors to one who has sustained an injury through their common negligence is joint and several; and the injured party may sue either of them separately or any or all of them together, at his option. *Raulf v. Light Co.,* 176 N. C., 691, 694, 97 S. E., 236; *Cox v. Lumber Co.,* 193 N. C., 28, 136 S. E., 254; *Watts v. Lefler,* 194 N. C., 671, 140 S. E., 435; *Lineberger v. Gastonia, supra.* In so far as the legal rights of this plaintiff are concerned, when she has elected to sue one of them, the others are not necessary parties and she cannot be compelled to pursue them; nor can the defendant originally sued avail himself of the provisions of C. S., 618, to compel the plaintiff to join issue with a defendant whom, for reasons of her own, she has elected not to sue. The fact that the person thus made a party is brought into formal and technical relation with the parties to the original litigation, and particularly with the plaintiff in whose behalf he was originally liable, is without legal significance. It follows that the circumstance that at the instance of the petitioner the Transportation Company has been improvidently made a party to this action in company with proper and necessary parties, including the plaintiff who had the right to sue it, avails the defendant Forrest C. Taylor nothing as to his own cause of action. He cannot borrow from the plaintiff or improve his legal status by leaning upon her cause of action. The defendant who has availed himself of the provisions of C. S., 618, cannot, of course, rely upon any liability of the party he has brought in to the original plaintiff, but must recover, if at all, upon the liability of such party to him. It was not the purpose, and it is not the effect, of C. S., 618, to create a cause of action in contribution between joint tort-feasors when the *lex loci delicti* gives none. The defendant, therefore, stands here upon his legal rights as they may be given him under the laws of Tennessee with respect to the right of action he attempts to assert against the Transportation Company. As we have said, the laws of Tennessee, of which we are required to take judicial notice (C. S., 1749)—and their import is not disputed here— follow the common law, and do not give to the defendant any right or

cause of action for contribution from his alleged joint tort-feasor, and none is created for him by C. S., 618, as against the law of the jurisdiction in which the circumstances giving rise to the alleged cause of action arose. The decisions in this jurisdiction stand upon the rule tersely expressed in *Gray v. Gray, supra:* "If there is no ground of action in the sovereignty where the tort is alleged to have occurred, there is none anywhere."

Demurrer was properly sustained, and the judgment is
Affirmed.