W. J. HAYES, ADMINISTRATOR OF THE ESTATE OF W. J. HAYES, JR., v. CITY OF WILMINGTON, NORTH CAROLINA, TOWLES-CLINE CONSTRUCTION COMPANY; E. B. TOWLES CONSTRUCTION COMPANY AND S. E. COOPER, TRADING AND DOING BUSINESS AS S. E. COOPER COMPANY.

(Filed 15 January, 1954.)

**1. Torts § 6—**

Right of one defendant to have another defendant joined for the purpose of contribution is purely statutory and must be enforced in accordance with the provisions of the statute. G.S. 1-240.

**2. Torts § 5—**

The injured party is entitled to sue one or all of the joint tort-feasors whose negligence concurred in producing the injury, and in so far as he is concerned, when he sues one of them the others are not necessary parties.

**3. Torts § 6—**

In order for one defendant to join another as additional defendant for the purpose of contribution he must show by his allegations facts sufficient

to make them both liable to the plaintiff as joint tort-feasors, and allegations showing only a cause of action which would entitle the plaintiff to recover of such additional party are not sufficient.

**4. Same: Negligence § 8—Allegations of cross action held insufficient to show that defendant joined was liable to plaintiff as joint tort-feasor.**

Intestates were killed by explosion of gas in their house. Plaintiff brought suit against the contractor excavating for street improvements upon allegations that a road machine operated by defendant's employee struck a gas pipe about eleven inches below the surface and then moved on and struck another gas pipe about fifty feet distant which was about fourteen inches below the surface, and that shortly thereafter the explosion occurred. Defendant contractor had the gas company joined upon allegations that the pipes were installed too near the surface of the street, that the gas company failed to remove them or lower them after notice that excavation work on the street was contemplated, and that the meter and governor at the residence was not properly installed, but without allegation of any causal connection between such installation and the explosion. *Held:* Upon the allegations, the acts of the contractor insulated the negligence, if any, of the gas company, since the acts of the contractor did not merely operate as a condition on or through which the negligence of the gas company produced the injury but were intervening acts of a responsible third party which could not have been reasonably foreseen, and further the allegations invoke the doctrine of primary and secondary liability in that the negligence of the gas company, if any, was passive while the negligence of the contractor was active, and therefore upon the allegations the gas company is not liable to plaintiff as a joint tort-feasor and defendant contractor is not entitled to have the gas company retained in the action under G.S. 1-240.

**5. Same—**

Where one defendant seeks to have another defendant retained in the action as a joint tort-feasor, the original defendant must allege facts which, if proven, render such other defendant liable to him for contribution in the event plaintiff recovers, and in so doing he cannot rely upon the allegations of the complaint.

**6. Same—**

When no cause of action is stated either in the complaint or cross action against a codefendant joined on motion of the original defendant for the purpose of contribution, such additional defendant is an unnecessary party and the inclusion of his name is mere surplusage, and he is entitled to have his name stricken from the pleadings on motion.

**7. Pleadings § 31: Parties § 12—**

A person who is made a party to an action but who is an unnecessary party thereto may have his name stricken from the pleadings on motion.

**8. Same: Courts § 5—**

While ordinarily one Superior Court judge may not review the judgment of another, where an order making an additional party is entered without notice or hearing to such party, the order making him an additional party cannot preclude him from thereafter moving that his name be stricken

from the pleadings, since the rule cannot abrogate rights guaranteed by the due process clause of the Constitution.

APPEAL by defendant S. E. Cooper from *Grady, Emergency J.,* February Term, 1953, NEW HANOVER.

Civil action for the wrongful death of plaintiff's intestates, heard on motion of Tide Water Power Company and Carolina Power & Light Company, additional defendants, to strike their names as defendants.

There were two separate actions instituted by W. J. Hayes, administrator, against the same defendants, in which he seeks to recover, in one action, for the wrongful death of W. J. Hayes, Jr., and, in the other, for the wrongful death of Sue H. Hayes. The deaths of the intestates occurred at the same time as the result of the same occurrence. Therefore, the cases were consolidated for the purpose of the hearing in the court below.

In the summer of 1951, defendant City of Wilmington had decided to improve certain of its streets, including grading and paving a part of Barnard Drive between Chestnut and Market Streets, according to plans and specifications furnished by the city.

On 15 August 1951, defendant Towles-Cline Construction Company contracted with the city to do the necessary work, particularly the grading and paving on Barnard Drive. On 2 November, the construction company contracted with defendant Cooper to do the necessary grading and excavating on Barnard Drive and other streets.

At that time, defendant Tide Water Power Company was the public service company which furnished gas for heating, cooking, and other purposes, to the citizens of defendant city. Underground gas pipes led from the gas main on Barnard Drive to residences of customers in that vicinity.

On 31 December, about 7:30 a.m., Cooper's employees were excavating and grading on Barnard Drive. They were to excavate to a depth of twenty inches. The blade of the grader machine struck a gas pipe about eleven inches below the surface. After investigating, the operator moved on, and about fifty feet further the blade of his machine struck another pipe which was about fourteen inches below the surface. One of these pipes was used to convey BTU gas to the residence occupied by the two intestates. Shortly after the pipes were struck by the machine, there was a devastating explosion in or under said residence, which explosion completely destroyed the residence and caused the deaths of plaintiff's intestates.

Cooper filed answer in which he pleads a cross action against the Tide Water Power Company and the Carolina Power & Light Company. The court then, on motion of Cooper, made these two companies parties defendant and they were duly served with summons.

In his cross action against the additional defendants, Cooper alleges that the power company (1) failed to install and maintain said service gas pipes at a depth and in such manner as to insure the safety of persons and property; (2) failed to properly install and fasten the said service or gas line under the residence of plaintiff's intestates in such manner as to prevent injury, and (3) failed to lower said service pipes on Barnard Drive to a depth below the grade to be cut after having been notified that grading and excavating on said street was about to commence.

He further alleges that the meter and the governor which controls the high pressure gas were installed by the power company in such manner that when pressure greater than that provided against by the governor was applied, it would blow out the mercury and permit large quantities of highly volatile gas to escape under the house, and that it failed to install a vent on said governor to prevent this from occurring. He makes certain other allegations to the effect the gas line was not properly installed but was left in such condition that extra pressure would cause large quantities of gas to escape under the house.

He does not allege that at the time of the occurrence complained of excessive pressure was applied, or that the mercury was blown from the governor, or that the striking of the pipe by his machine caused excessive pressure which blew out the mercury. In fact, he alleges no connection between the striking of the pipe and the explosion, other than that the pipes were not laid more than twenty inches below the surface of the street so that, in excavating to a depth of twenty inches, his machine would not have struck the pipes. Moreover, there is no allegation that the pipes were installed in breach of any ordinance, rule, or regulation of the City of Wilmington, or other than in strict accord with its directions.

As a basis for his motion to make the Carolina Power & Light Company a party defendant, he alleges that since the installation of the gas pipes, said company has purchased the assets of the Tide Water Power Company, assumed its obligations, and is now serving its former customers, so that, should Cooper eventually recover over against the power company, the light company would have to pay, and it is therefore the real party in interest as between Cooper and the additional defendants.

The Carolina Power & Light Company, in its own right, and as successor, by merger, to the Tide Water Power Company, entered a special appearance and moved the court to strike its name and the name of Tide Water Power Company as parties defendant for that the cross action contained in Cooper's further answer does not state facts sufficient to constitute a cause of action against them or either of them and does not show that either of the additional defendants are necessary parties to this action.

As the power company is the additional defendant alleged to have committed the acts of negligence set forth in Cooper's cross action, we will, for convenience, hereafter refer to these two defendants merely as the power company.

When the motion came on for hearing in the court below, the court, after hearing the parties, entered judgment striking the names of movants as parties defendant herein and dismissing the cross action. While the judgment entered is entitled "Judgment on motion . . . to strike and on demurrer *ore tenus* to further answer and cross bill of S. E. Cooper," the record fails to disclose elsewhere that the appellees entered a demurrer *ore tenus,* and they assert in their brief that they did not demur, but are relying solely on their motion to strike.

From the judgment entered the defendant Cooper appealed.

*McClelland & Burney, R. M. Kermon, and McLean & Stacy for defendant appellant S. E. Cooper.*

*Hogue & Hogue, Ernest S. DeLaney, Jr., and A. Y. Arledge for Carolina Power & Light Company and Tide Water Power Company, appellees.*

BARNHILL, J. Defendant Cooper was entitled, if at all, to have the additional defendants made parties defendant under the statute which permits contribution between joint tort-feasors, G.S. 1-240.

At common law no right of action for contribution existed between or among joint tort-feasors. The question could not·be raised either by independent suit, after judgment had been rendered against one of the joint tort-feasors, or in the original action by the party injured against one of them. The right is purely statutory, *Hoft v. Mohn,* 215 N.C. 397, 2 S.E. 2d 23; *Lineberger v. Gastonia,* 196 N.C. 445, 146 S.E. 79, and must be enforced in accord with the provisions of the statute, G.S. 1-240. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736.

When a person has been injured through the concurring negligence of two or more persons, he may sue one or all the joint tort-feasors at his option. *Watts v. Lefler,* 194 N.C. 671, 140 S.E. 435; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911. In so far as he is concerned, the others are not necessary parties and he may not be compelled to bring them in. *Charnock v. Taylor, supra.* They may, however, be brought in by the original defendant on a cross complaint in which he alleges joint tort-feasorship and his right to contribution in the event plaintiff recovers judgment against him. G.S. 1-240; *Mangum v. Ry. Co.,* 210 N.C. 134, 185 S.E. 644; *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434;

*Lackey v. Ry. Co.,* 219 N.C. 195, 13 S.E. 2d 234; *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335.

Therefore, to retain the additional defendants as parties to the pending action, it must be made to appear that Cooper has alleged a cause of action against them for contribution. Allegations of a cause of action which would entitle the plaintiff to recover will not suffice. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; *Freeman v. Thompson, supra; Charnock v. Taylor, supra.* The original defendant has no cause of action for contribution unless the facts alleged by him in his cross action are sufficient to make both of them liable to the plaintiff *as joint tort-feasors. Bost v. Metcalfe, supra.* "This is necessarily so for the very simple reason that one party cannot invoke either of these rights (contribution or indemnity) against another party unless both of them are liable to the same person as joint tort-feasors." *Hunsucker v. Chair Co., supra.*

The allegations of negligence contained in the cross action are summarized in the statement of facts. In short they are: (1) The installation of the gas pipes too near the surface of the street; (2) a failure to remove them or lower them to a proper depth after notice that excavation work on the street was contemplated; and (3) improper installation at the meter. Nowhere is it alleged that the negligence of the power company concurred with the negligence of Cooper in causing the death of the intestates. Instead, he alleges that the negligence of the power company was the sole proximate cause of their injury and death. He does not pray for contribution. He makes no reference to the explosion or the resulting death of plaintiff's intestates or to his acts in relation thereto.

If we concede that Cooper has sufficiently alleged negligence on the part of the power company and that plaintiff will prove the acts of negligence he alleges against Cooper (which Cooper does not even conditionally concede in his cross complaint), it is made to appear that the acts of Cooper were the acts of an "outside agency or responsible third person" which completely insulated the negligence, if any, of the power company. *Riggs v. Motor Lines,* 233 N.C. 160, 63 S.E. 2d 197; *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108; *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, 74 S.E. 2d 36, and cases cited; *Garner v. Pittman,* 237 N.C. 328, 75 S.E. 2d 111.

The negligence, if any, of the power company was passive; that of defendant was active. Without the negligence of Cooper, the negligence of the power company would have caused no harm. The intervening acts of Cooper did not merely operate as a condition on or through which the negligence of the power company operated to produce the injury and deaths of plaintiff's intestates, or merely accelerate or divert the negligence of the power company. It broke the line of causation, *Riggs v. Motor Lines, supra,* so that it cannot be said that the power company

could have reasonably foreseen the negligence of Cooper or that the two are joint tort-feasors.

Moreover, the acts of negligence of the power company alleged by Cooper, when related to the negligence alleged by plaintiff, at least invokes the doctrine of primary and secondary liability, Cooper being the one primarily liable. And it is axiomatic that one who is primarily liable cannot recover over against one who is secondarily liable. On insulated negligence see *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295; *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Warner v. Lazarus,* 229 N.C. 27, 47 S.E. 2d 496; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147; *Beaver v. China Grove,* 222 N.C. 234, 22 S.E. 2d 434; and on primary and secondary liability see *Bost v. Metcalfe, supra; Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118; and *Westchester Lighting Co. v. Westchester County Small Estates Corp.,* 278 N.Y. 175, 15 N.E. 2d 567.

Cooper seeks to avail himself of the provisions of G.S. 1-240. In so doing, he cannot rely upon any liability of the power company to plaintiff or borrow from the plaintiff or improve his legal status by leaning upon his (plaintiff's) cause of action. He must allege facts which, if proven, render the power company liable to him in the event plaintiff recovers on his causes of action. This he has failed to do. *Charnock v. Taylor, supra; Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566.

It follows that Cooper's cross action fails to state a cause of action for contribution.

In the absence of a cross action against a third party, made defendant on motion of the original defendant, in which a cause of action for contribution is sufficiently alleged, the additional party is an unnecessary party to the action and may, on motion, have his name stricken from the pleadings.

When no cause of action is stated against a defendant, either in the complaint or in a cross action pleaded by another defendant, he is an unnecessary party and the inclusion of his name is mere surplusage. *Sullivan v. Field,* 118 N.C. 358.

A proper remedy is by motion to strike. *Winders v. Southerland,* 174 N.C. 235, 93 S.E. 726; *Bank v. Gahagan,* 210 N.C. 464, 187 S.E. 580; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Worth v. Trust Co.,* 152 N.C. 242, 67 S.E. 590; *Fleming v. Light Co.,* 229 N.C. 397, 50 S.E. 2d 45.

"The demurrer was properly overruled. At the most they would have been merely unnecessary parties . . . Such party has his remedy by motion to strike out his name." *Winders v. Southerland, supra.*

We do not mean to say, however, that where there is an unsuccessful attempt, either by the plaintiff or a defendant, to state a cause of action against an additional party defendant, a demurrer will not lie.

The contention of the defendant Cooper that the hearing before Grady, E. J., constituted a review by one Superior Court Judge of the order or judgment of another Superior Court Judge and that, in effect, Grady, E. J., by his judgment reversed the order of Carr, J., making appellees additional parties is untenable. The additional defendants were made parties without notice and without a hearing, and they were entitled to their day in court.

Ordinarily one Superior Court Judge may not review the judgment of another Superior Court Judge. *Davis v. Land Bank,* 217 N.C. 145, 7 S.E. 2d 373; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Newton and Co. v. Manufacturing Co.,* 206 N.C. 533, 174 S.E. 449; *Fleming v. Light Co., supra.* This rule, however, does not apply to orders making additional parties and other orders entered without notice or hearing. The rule does not and cannot abrogate the rights guaranteed by the due process clause of the Constitution.

The judgment entered in the court below is

Affirmed.