ALBERT CLIFTON SHAW v. SARAH BAXLEY, OSCAR BAXLEY, GUARD-IAN AD LITEM FOR SARAH BAXLEY, A MINOR, OSCAR BAXLEY, INDIVID-UALLY, AUBERT BLAKE WARWICK, CARR OIL COMPANY, A COR-PORATION, AND ROBERT SINGLETARY.

(Filed 20 June, 1967.)

**1. Torts § 4—**

The right of contribution between joint tort-feasors is solely statutory and may be enforced only in accordance with the procedure set forth in the statute.

**2. Same; Statutes § 5—**

The first two paragraphs of G.S. 1-240 are interrelated and must be construed *in pari materia*, and therefore when plaintiff has recovered judgment against defendants as joint tort-feasors, no one of defendants is entitled to file petition for a determination of the defendants' respective liabilities *inter se* unless and until such defendant has first paid the judgment and had it transferred to a trustee for his benefit.

APPEAL by defendants Carr Oil Company and Robert Singletary from an order entered by *McKinnon, Resident Judge,* at LUMBERTON, N. C., on December 19, 1966.

Plaintiff was injured February 20, 1965, as the result of a collision between a 1960 Falcon, operated by defendant Warwick, and a tractor-trailer operated by defendant Singletary. Plaintiff, a passenger in the Falcon, instituted this action to recover damages, alleging his injuries were proximately caused by the concurrent negligence of Warwick and of Singletary. He alleged Warwick was act-

ing as agent for defendant Sarah Baxley and Oscar Baxley; that Singletary was acting as agent for defendant Carr Oil Company.

Plaintiff's said action was tried before Judge McKinnon at the July 1966 Session of the Superior Court of Robeson County. All issues raised by the pleadings were submitted to and answered by the jury. The jury found Warwick was *not* acting as agent of defendant Oscar Baxley. All other issues were answered in favor of plaintiff. He was awarded damages in the amount of $5,000.00.

In accordance with said verdict, the court entered judgment "that the plaintiff have and recover of the defendants, Sarah Baxley, Oscar Baxley, Guardian *ad litem* for Sarah Baxley, Aubert Blake Warwick, Carr Oil Company, and Robert Singletary, jointly and severally the sum of FIVE THOUSAND EVEN ($5000.00) DOLLARS and the costs of this action to be taxed by the Clerk."

Carr Oil Company and Robert Singletary gave notice of appeal. Subsequently, by *consent* order, their appeal was dismissed.

On October 19, 1966, Carr Oil Company and Robert Singletary filed a petition in the cause in which they set forth in substance the following: That the defendants against whom said judgment was entered "have been unable to agree as to their proportionate liability"; that they "are informed and believe that . . . SARAH BAXLEY, OSCAR BAXLEY, guardian *ad litem* for Sarah Baxley, and AUBERT BLAKE WARWICK are insolvent and that they cannot be forced under execution of the Court to contribute to the payment of the Judgment"; that Carr Oil Company and Singletary "are solvent and can satisfy the Judgment"; and that "it is just and proper for the Court to declare in this action the proportionate part each judgment debtor should pay in order that further litigation might be avoided."

Defendants Sarah Baxley and Oscar Baxley, guardian *ad litem* for Sarah Baxley, a minor, demurred to and moved to dismiss the petition. Defendant Warwick answered the petition; and, at the hearing, demurred *ore tenus* to and moved to dismiss the petition. Judge McKinnon, being of the opinion the petitioners had not alleged facts sufficient to entitle them to relief, dismissed the petition. Petitioners excepted and appealed.

*Marshall & Williams and A. Dumay Gorham, Jr., for defendant appellants Carr Oil Company and Robert Singletary.*

*Henry & Henry for defendant appellees Sarah Baxley and Oscar Baxley, guardian ad litem for Sarah Baxley, a minor.*

*Johnson, McIntyre, Hedgpeth, Biggs & Campbell for defendant appellee Aubert Blake Warwick.*

BOBBITT, J.   Plaintiff (Shaw) is not a party to this appeal. Under the judgment establishing his right to "recover of the defendants, Sarah Baxley, Oscar Baxley, guardian *ad litem* for Sarah Baxley, Aubert Blake Warwick, Carr Oil Company, and Robert Singletary, jointly and severally," each of these judgment debtors became and is obligated to plaintiff for the payment of the full amount thereof. The judgment is based upon their liability to plaintiff as joint tort-feasors. *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911; *Simpson v. Plyler,* 258 N.C. 390, 393, 128 S.E. 2d 843, 845.

G.S. 1-240, on which petitioner relies, provides:

"§ 1-240.   PAYMENT BY ONE OF SEVERAL; TRANSFER TO TRUSTEE FOR PAYOR. — In all cases in the courts of this State wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof, if *one* of the judgment debtors *shall pay the judgment creditor,* either before or after execution has been issued, *the amount due on said judgment,* and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity, (and in the event the judgment was obtained in an action arising out of a joint tort, and only one, or not all of the joint tort-feasors, were made parties defendant, those tort-feasors made parties defendant, and against whom judgment was obtained, may, in an action therefor, enforce contribution from the other joint tort-feasors; or at any time before judgment is obtained, the joint tort-feasors made parties defendant may, upon motion, have the other joint tort-feasors made parties defendant.)

"If the judgment debtors do not agree as to their proportionate liability, and it be alleged in such action by petition that any judgment debtor is insolvent or is a nonresident of the State and cannot be forced under the execution of the court to contribute to the payment of the judgment, the court shall, *in the action in which the judgment was rendered,* after notice to the defendants or such of them as may be within the jurisdiction of the court, submit proper issues to a jury to find the facts arising on such petition and any

answer that may be filed thereto, and shall, upon such verdict and any admissions in the petition and answer, enter judgment declaring the proportionate part each judgment debtor shall pay.

"Any judgment creditor who refuses to transfer a judgment in his favor to a trustee for the benefit of a judgment debtor who shall tender payment and demand in writing a transfer thereof to a trustee to preserve his rights in the same action, as contemplated by this section, shall not thereafter be entitled to an execution against the judgment debtor so tendering payment." (Our italics.)

G.S. 1-240 is based on Chapter 194, Public Laws of 1919, codified as C.S. 618, as amended by Chapter 68, Public Laws of 1929. The provisions within parentheses were added by the 1929 amendment. They are not directly involved. Here the plaintiff sued *all* alleged joint tort-feasors.

At common law, as between joint tort-feasors, there was no right of contribution. *Hayes v. Wilmington,* 239 N.C. 238, 242, 79 S.E. 2d 792, 795, and cases cited. See Comment Note, "Contribution between negligent tortfeasors at common law," 60 A.L.R. 2d 1366. In this jurisdiction, the common law rule has been modified by G.S. 1-240 so as to provide for enforcement of contribution *as between joint tort-feasors* in accordance with its provisions. *Herring v. Jackson,* 255 N.C. 537, 543, 122 S.E. 2d 366, 372.

G.S. 1-240, quoted above, consists of three paragraphs. Petitioners stress the procedure authorized in the second paragraph. However, the provisions now constituting the first and second paragraphs (exclusive of the provision added by said 1929 amendment) were included in a single paragraph (Section 1) of said act of 1919. The two paragraphs are interrelated, are *in pari materia,* and must be considered and construed together.

Under the provisions now constituting the first paragraph of G.S. 1-240, *if* said judgment were paid by one of the judgment debtors, *e.g.,* Carr Oil Company, it would be the duty of the judgment creditor to transfer the judgment without recourse to a trustee for the benefit of Carr Oil Company, and such transfer would preserve the lien of the judgment and keep the same in full force against any judgment debtor who did not pay his or her proportionate part. In such case, if the judgment debtors did not agree as to their proportionate liabilities, the Carr Oil Company, in a post-judgment proceeding in this action, could petition for and obtain a determination as to the amount it was entitled to recover from other judgment debtors to the end that execution in favor of the trustee to whom the judgment was assigned for its benefit would issue for the amounts so determined.

We are of opinion and so hold that the provisions now constituting the second paragraph of G.S. 1-240, relating to a determination of proportionate liabilities, do not apply unless and until one of the judgment debtors pays the amount thereof and has the judgment assigned to a trustee for his benefit. Only when this has been done may such judgment debtor seek a determination, under conditions then existing, of the amount due him by other judgment debtors.

The petitioners do not allege that they have paid all or any part of the judgment. Nor do they allege that the judgment has been assigned to a trustee for their benefit. Hence, their petition is fatally defective. The order dismissing the petition is affirmed.

Petitioners' brief cites decisions of this Court in which the status of the liability insurance carrier of a joint tort-feasor has been considered. Since their petition contains no reference to a liability insurance carrier, these decisions are not pertinent to the question presented on this appeal.

Affirmed.