Leonard v. Johns-Manville Sales Corp.

MARIE R. LEONARD, ADMINISTRATRIX OF THE ESTATE OF SAMUEL L. LEONARD, DECEASED v. JOHNS-MANVILLE SALES CORPORATION, A DELAWARE CORPORATION; UNARCO INDUSTRIES, INC., AN ILLINOIS CORPORATION; GAF CORPORATION, A DELAWARE CORPORATION; ARMSTRONG CORK COMPANY, A PENNSYLVANIA CORPORATION; RAYBESTOS-MANHATTAN, INC., A CONNECTICUT CORPORATION; OWENS-CORNING FIBERGLASS CORPORATION, A DELAWARE CORPORATION; PITTSBURGH CORNING CORPORATION, A PENNSYLVANIA CORPORATION; THE CELOTEX CORPORATION, A DELAWARE CORPORATION; NICOLET INDUSTRIES, A PENNSYLVANIA CORPORATION; FORTY-EIGHT INSULATION, INC., AN ILLINOIS CORPORATION; EAGLE-PICHER INDUSTRIES, INC., AN OHIO CORPORATION; STANDARD ASBESTOS & INSULATION CO., A MISSOURI CORPORATION; OWENS-ILLINOIS, INC., AN OHIO CORPORATION; H. K. PORTER, A PENNSYLVANIA CORPORATION; NATIONAL GYPSUM CO., A DELAWARE CORPORATION; FIBREBOARD CORPORATION, A DELAWARE CORPORATION; GARLOCK, INC., A FOREIGN CORPORATION; KEENE CORPORATION, A NEW JERSEY CORPORATION; NORTH AMERICAN ASBESTOS CORPORATION, A FOREIGN CORPORATION; CAREY CANADIAN MINES, LTD., A FOREIGN CORPORATION; LAKE ASBESTOS OF QUEBEC, LTD., A FOREIGN CORPORATION; AMATEX CORPORATION, A PENNSYLVANIA CORPORATION; SOUTHERN ASBESTOS COMPANY

No. 8214SC22

(Filed 16 November 1982)

**Courts § 21.5; Master and Servant § 89.3 — action against third party — subrogation rights of employer — application of Virginia law**

The law of Virginia will be applied with regard to whether a third party may defeat a negligent employer's subrogation rights when the injured employee sues the third party at common law after recovering workers' compensation benefits from his employer where the employment was in Virginia and the injury occurred in that state. G.S. 97-10.2(e).

CERTIORARI to review *Godwin, Judge.* Order entered 3 August 1981 in DURHAM County Superior Court. Heard in the Court of Appeals 21 October 1982.

Plaintiff, Marie R. Leonard, widow and administratrix of the estate of Samuel L. Leonard, decedent, brought this action to recover actual and punitive damages allegedly resulting from defendants' acts. Defendants are companies involved in the manufacturing and distribution of asbestos products. Plaintiff's decedent was exposed to asbestos products in the course of his employment and suffered asbestosis, which eventually caused his death in 1978. Prior to his death, plaintiff's decedent filed a claim against his employer, Stone & Webster Engineering Corp., a user of asbestos products, for worker's compensation, with the Virginia Industrial Commission. After decedent's death, the Virginia Industrial Commission made an award to plaintiff, as a dependent surviving spouse of the claimant, in the amount of $175.00 per week for 500 weeks plus all medical expenses and the statutory burial expenses. The total worker's compensation award amounted to approximately $100,000.00. Defendants in the present action sought to amend their answers to allege as a "Last Defense" that the negligence of Stone & Webster was a contributing cause of decedent's injuries. This amendment was allowed and Stone & Webster was thus made a party to the lawsuit because, under North Carolina law, an allegedly negligent third party is allowed to show the independent negligence of the plaintiff's employer from whom the plaintiff has recovered in a worker's compensation action in order to defeat such employer's right to recoup from the third party sums paid to the plaintiff under the worker's compensation award. Stone & Webster moved to strike defendants' "Last Defense," asserting that Virginia law controls defendants' right to assert such a defense and that under Virginia law a third party is not able to prove the independent negligence of the employer in order to defeat the employer's right of subrogation. Stone & Webster's motion to strike was denied and this Court allowed review by Writ of Certiorari.

*Haywood, Denny & Miller, by George W. Miller, Jr. and Michael W. Patrick, for plaintiff.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., for all defendant-appellees.*

*Young, Moore, Henderson & Alvis, P.A., by B. T. Henderson, II and William F. Lipscomb, for third party defendant-appellant, Stone & Webster Engineering Corporation.*

WELLS, Judge.

The sole question before us is whether we will apply the Virginia rule or the North Carolina rule with regard to whether a third party may defeat a negligent employer's subrogation rights when the injured employee sues the third party at common law after recovering worker's compensation benefits from his employer or his employer's insurance carrier. Both North Carolina and Virginia law are clear to the effect that a negligent third party may not seek contribution from a jointly negligent employer when the employee obtains a judgment against the third party. *Hunsucker v. High Point Bending & Chair Co.*, 237 N.C. 559, 75 S.E. 2d 768 (1953); *Virginia Electric and Power Co. v. Wilson*, 221 Va. 979, 277 S.E. 2d 149 (1981). Under the Virginia Workmen's Compensation Act, the employer is allowed to recoup from a negligent third party any money paid to its employee under the Act. *See* Va. Code Ann. §§ 65.1-41 to -43 (1980). Such a recoupment by the employer is subject to a *pro rata* deduction of attorney fees and costs for the benefit of the claimant. Va. Code § 65.1-42. Virginia statutory and case law is conspicuously lacking in any means by which the third party may defeat the employer's right to subrogation; it appears that Virginia employers are entitled to recoup sums paid regardless of whether their negligence contributed to the employee's injury for which he seeks recovery from the third party. *See* 2A Larson's, Workmen's Compensation Law, § 76.20. This is the majority rule. 2A Larson's § 75.22.

North Carolina appellate courts developed a rule through which the third party, when sued at common law by an injured employee who has recovered from the employer a worker's compensation award, could prove the employer's concurring negligence and thereby defeat the employer's recovery of sums paid or payable to the injured worker. *See Essick v. Lexington*, 233 N.C. 600, 65 S.E. 2d 220 (1951); Larson's § 75.22. This rule is based on the proposition that a negligent party should not be allowed to take advantage of his own wrong. *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886 (1953). In 1959, the General Assembly enacted what is now G.S. 97-10.2(e), codifying the rule in *Essick*. Although the North Carolina rule does not subject the employer to joint liability at common law or to actions for contribution brought by the negligent third party, it does require the employer to help pay for injuries caused by its negligence.

Generally, our courts still apply the law of the state of the plaintiff's injury, the *lex loci delicti. Henry v. Henry*, 291 N.C. 156, 229 S.E. 2d 158 (1976); *Suskin v. Hodges*, 216 N.C. 333, 4 S.E. 2d 891 (1939). We must take judicial notice of the law of our sister states. G.S. 8-4; *Thames v. Nello L. Teer Co.*, 267 N.C. 565, 148 S.E. 2d 527 (1966). We apply the law of other states, even when we are not precluded by the U.S. Constitution from applying our own law, under the doctrine of comity. *Ellison v. Hunsinger*, 237 N.C. 619, 75 S.E. 2d 884 (1953). Comity will not be so extended where the *situs* rule is abhorrent to the public policy of our state, *Id.*, or where it would operate in opposition to settled statutory policy or override express statutory provisions of this state. *Bank v. Ramsey*, 252 N.C. 339, 113 S.E. 2d 723 (1960) and cases cited therein. Where we apply the law of sister states to a cause in our courts, North Carolina law is applied to procedural matters. *Young v. Railroad*, 266 N.C. 458, 146 S.E. 2d 441 (1966).

We hold that the court below erred in denying Stone & Webster's motion to strike defendants' last defense and in applying the North Carolina rule with regard to the rights of defendants *vis-a-vis* Stone & Webster's subrogation rights. Since the *situs* of decedent's injury was Virginia, Virginia substantive law will be applied to the issue before us. *Henry v. Henry, supra*. The rule with regard to whether a negligent third party tort-feasor may defeat an employer's right to recoup from it damages paid under a worker's compensation award is a rule of substantive, not procedural, law. *Cf. Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126 (1943) (*situs* state's rule not allowing contribution between joint tort-feasors is a substantive rule). Our public policy is not affected by applying the Virginia rule to the present case; the award paid out was paid from a fund collected from Virginia employers. The rights asserted are rights which arise under worker's compensation law and the only worker's compensation law involved in this case is that of Virginia. Decedent's employment was in Virginia and this state has no interest in how its sister states administer their laws intended to compensate their employees for injuries sustained in employment in those states. The only party to this lawsuit with sufficient North Carolina connections to create a policy-based preference for one of the two conflicting rules of law is the plaintiff, and her right to recover will not be affected by the choice as to which rule we ap-

ply. The North Carolina Worker's Compensation Act has no application to the circumstances that exist in the present case: the injury did not occur in this state, the employer's principal place of business is not in this state and the record does not show that the contract of employment was made in this state. *See* G.S. 97-36.

The Virginia rule applies: it gives defendants no right to defeat Stone & Webster's right to recoup monies paid or payable from defendants should plaintiff recover from them in this action. Since the trial court erred in denying Stone & Webster's motion to strike defendants' "Last Defense," the order of the trial court is

Reversed.                                    `

Judges VAUGHN and WHICHARD concur.