King v. Humphrey

———————————

JANICE KING, PLAINTIFF v. GREGORY ODELL HUMPHREY, DEFENDANT, AND THIRD-PARTY PLAINTIFF v. EMBREY BOYKIN AND NATHAN BANKS, THIRD-PARTY DEFENDANTS

No. 874SC446

(Filed 15 December 1987)

Torts § 4.1— contribution among tort-feasors—settlement by one—not entitled to contribution

The trial court properly granted a directed verdict against an original defendant and third-party plaintiff who entered into a settlement with the original plaintiff but failed to affirmatively show that he had met the requirements of N.C.G.S. § 1B-1(d). Plaintiff did not introduce into evidence the release he claimed he obtained from the original plaintiff, nor did he otherwise show that defendants' liability to the original plaintiff had been extinguished.

APPEAL by defendant and third-party plaintiff from *Watts, Thomas S., Judge.* Judgment entered 11 June 1986 in SAMPSON County Superior Court. Heard in the Court of Appeals 16 November 1987.

On 25 February 1985 original plaintiff Janice King filed suit against defendant and eventual third-party plaintiff, Gregory Odell Humphrey, seeking recovery for injuries resulting from his alleged negligence. On 20 June 1985 defendant Humphrey filed a third-party complaint against the driver and owner of plaintiff's vehicle, seeking contribution. Plaintiff and defendant subsequently settled, whereupon, according to defendant's brief, plaintiff King issued a general release dismissing with prejudice her claim against the defendant. The third-party claim for contribution came on for trial on 9 June 1986. At the conclusion of defendant's and third-party plaintiff's evidence, the trial court granted third-party defendants' Motion for a Directed Verdict under N.C. Gen. Stat. § 1A-1, Rule 50 of the Rules of Civil Procedure. Third-party plaintiff appealed.

*Anderson, Broadfoot, Johnson & Pittman, by Steven C. Lawrence, for defendant and third-party plaintiff-appellant.*

*Russ, Worth & Cheatwood, by Walker Y. Worth, Jr., for third-party defendants-appellees.*

WELLS, Judge.

Third-party defendants' (hereinafter defendants) Motion for a Directed Verdict was based on two stated reasons: first, because third-party plaintiff (hereinafter plaintiff) "failed to present any evidence of actionable negligence on the part of the third-party defendants" and, second, because plaintiff "failed to present any evidence of the extinguishment of the claim of the [original] plaintiff, Janice King, against the third-party defendants as required by Chapter 1B of the General Statutes of North Carolina." Plaintiff assigns as error the trial court's ruling on both bases of defendants' motion.

This case arose out of a collision that occurred at about 12:10 a.m. on 16 October 1983 near Autryville in Sampson County as the parties were returning home from a concert in separate vans. Defendant Boykin was driving his vehicle in an eastward direc-

tion on N. C. Highway 24 when he encountered thick smoke of unknown origin which had engulfed the highway. The evidence presented at trial tends to show that defendant drove a short distance into the cloud of smoke and then brought his van to a stop, on the highway, in order to converse with the driver of a vehicle coming from the opposite direction. While Boykin's vehicle was stopped, a van owned and operated by plaintiff Humphrey crashed into the rear of the Boykin van, injuring the original plaintiff, Janice King.

Plaintiff contends that the trial court's directed verdict was improper because (1) there was sufficient evidence to go to the jury on the question of negligence, and (2) because the failure to prove extinguishment of liability under N.C. Gen. Stat. § 1B-1(d) is an improper ground upon which to grant a Rule 50 Motion for Directed Verdict. We disagree.

Our review of the trial transcript persuades us that the trial court granted defendants' motion on the grounds that plaintiff had not complied with the contribution statute. G.S. § 1B-1(d) provides, in pertinent part, as follows: "A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury on wrongful death has not been extinguished . . . ." The record shows that plaintiff entered into a settlement with King, the original plaintiff, but the trial transcript makes it clear that plaintiff did not introduce into evidence the release he claims he obtained from King, nor did he otherwise show that defendants' liability to King had been extinguished. This was a threshold requirement for plaintiff in this case. Plaintiff asks us to hold that in order for defendant to prevail on this issue it was necessary for defendant to plead and prove the absence of a general release — in other words, treat the statutory requirement of extinguishment as an affirmative defense. We cannot agree. Our Supreme Court has consistently held that since contribution among joint tort-feasors is a purely statutory remedy, its enforcement must be in accord with the statute's provisions. *See, e.g., Shaw v. Baxley,* 270 N.C. 740, 155 S.E. 2d 256 (1967) and *Potter v. Frosty Morn Meats, Inc.,* 242 N.C. 67, 86 S.E. 2d 780 (1955) (interpreting and applying the predecessor statute, G.S. § 1-240). We therefore hold that in this case it was plaintiff's burden to affirmatively show that he had met the requirements of G.S. § 1B-1(d). Plaintiff

having failed to do this, the trial court correctly granted defendants' Motion for a Directed Verdict.

No error.

Judges JOHNSON and COZORT concur.