This was a proceeding under the North Carolina Workmen's Compensation Act. From an order of the Industrial Commission awarding compensation to plaintiff on account of the death of her intestate, defendant appealed to the Superior Court. In the Superior Court plaintiff entered special appearance and moved to dismiss the defendant's appeal. Plaintiff's motion was overruled and the award in favor of plaintiff was affirmed. From judgment affirming award of compensation, defendant employer appealed to the Supreme Court. From that portion of the judgment below which overruled her special appearance and motion to dismiss, plaintiff also appealed.
PLAINTIFF'S APPEAL.
The procedural question presented by the plaintiff's appeal arose in a proceeding instituted under the North Carolina Workmen's Compensation Act for compensation on account of the death of plaintiff's intestate. The defendant employer has its principal office and place of business in Pasquotank County. From an award by the Industrial Commission in favor of plaintiff, defendant gave notice of appeal. Of this appeal counsel for defendant had served upon plaintiff and her counsel the following notice: "You, and each of you are hereby notified that an appeal in the above entitled proceeding has been taken by defendant from the award of the North Carolina Industrial Commission *Page 125 
to the Superior Court of North Carolina." Upon this notice counsel for plaintiff made the following notation: "Service accepted, this 16th day of March, 1939, and further notice waived." Pursuant to the notice of appeal the Industrial Commission certified transcript of record, by inadvertence, to Beaufort County, where, upon motion of plaintiff, it was dismissed 12 April, 1939, and by consent of plaintiff the original transcript of record made by the Industrial Commission was sent to the Superior Court of Pasquotank County. On 14 April, 1939, the Industrial Commission certified the record to Pasquotank County, where the cause came on regularly for hearing at May Term of said court. The trial judge rendered the following judgment: "This cause came on for hearing on appeal of defendant from judgment of award by the Industrial Commission of North Carolina in favor of plaintiff, against defendant company, employer, and being heard upon the merits, at the conclusion of which plaintiff's special appearance and motion to dismiss the appeal was overruled. Upon said hearing the court adjudges that the judgment and report of the Industrial Commission be, and same is, in all respects confirmed."
Appellant insists that his motion to dismiss should have been allowed because the notice of appeal given to the plaintiff and her counsel merely stated that an appeal had been taken from the award of the Industrial Commission to the Superior Court of North Carolina without giving notice of the particular court to which the appeal would be taken and where it would be heard. While the notice was in that respect insufficient, counsel for plaintiff accepted service of this notice and waived "further notice." This must be held to constitute a waiver of additional or more explicit notice and a waiver of the insufficiency of the notice received.
While the judge below should have ruled upon plaintiff's motion to dismiss the appeal before deciding the cause on its merits on defendant's appeal, it is not perceived that plaintiff was thereby disadvantaged. The decision on the merits having been made in favor of plaintiff, no cause of complaint on this score is apparent. Bank v. Derby, 215 N.C. 669.
Upon the facts presented by the record, we conclude that the plaintiff's motion to dismiss defendant's appeal was properly overruled, and that the judgment in that respect must be affirmed.
DEFENDANT'S APPEAL.
Defendant challenges the correctness of the judgment below on the ground that the North Carolina Industrial Commission, before whom the proceeding was instituted, and the Superior Court of Pasquotank County, where it was heard and determined on appeal, were without *Page 126 
jurisdiction, in that the claim was cognizable only under the admiralty laws and maritime jurisdiction of the United States (U.S. Const., Art. III, sec. 2).
The Industrial Commission found the facts to be that the death of plaintiff's intestate resulted from an accident arising out of and in the course of his employment by the defendant Foreman-Blades Lumber Company, and that the claim was within the jurisdiction prescribed by the North Carolina Workmen's Compensation Act; that the deceased at the time of his injury and death was an employee of defendant Lumber Company, and that while he was "temporarily employed to pump water from a barge which was leaking and being loaded with logs, the logs started rolling, the barge careened toward the channel, the plaintiff's (intestate) fell or jumped from the shore side of the barge and was actually killed on land as the result of the barge crushing the deceased." It is not controverted that Roanoke River at the place of the injury was navigable. It appears from the findings of fact that no injury occurred to plaintiff's intestate while he was on the barge, but that the force which caused his death was applied after he had jumped or fallen upon land. These findings of fact by the Industrial Commission are supported by competent evidence, and are therefore conclusive on appeal. On the facts thus established the defendant contends the jurisdiction of the State court under the North Carolina statute is divested, and that this proceeding should be dismissed for want of jurisdiction.
The Constitution of the United States (Art. III, sec. 2) extends the judicial power of the United States "to all cases of admiralty and maritime jurisdiction." The application of admiralty law and jurisdiction to injury by accident occurring to persons while employed on or near navigable waters in connection with maritime pursuits, as affected by state laws providing workmen's compensation, has been considered in numerous cases by the Supreme Court of the United States, beginning with Sou. Pacific Co. v.Jensen, 244 U.S. 205. In that case, a stevedore, for the purpose of unloading a ship which was lying in navigable water ten feet from the pier, operated an electric freight truck over a gangplank to and from the ship. He was killed while backing his truck into the hatchway of the ship. It was held that admiralty law applied to the exclusion of remedies under the provisions of the New York Workmen's Compensation Act.
In Railroad v. Towboat Co., 23 How., 209 (quoted in Atlantic TransportCo. v. Imbrovek, 234 U.S. 52), the Court said: "The jurisdiction of courts of admiralty, in matters of contract, depends upon the nature and character of the contract; but in torts, it depends entirely on locality." The line of distinction, however, is not always easily determined. As expressed in the words of Mr. Justice Holmes in United *Page 127 States v. Evans, 195 U.S. 361, "The precise scope of admiralty jurisdiction is not a matter of obvious principle or of very accurate history."
In Grant Smith-Porter Company v. Herman F. Rohde, 257 U.S. 469, 66 Law Ed., 321, where the claimant received injury while at work as a carpenter on a partially completed vessel lying at a dock, the Court said: "InWestern Fuel Co. v. Garcia (257 U.S. 233) we recently pointed out that, as to certain local matters, regulation of which would work no material prejudice to the general maritime law, the rules of the latter might be modified or supplemented by state statutes. The present case is controlled by that principle. The statute of the state applies and defines the rights and liabilities of the parties. The employee may assert his claim against the Industrial Accident Fund to which both he and the employer have contributed as provided by the statute, but he cannot recover damages in an admiralty court. This conclusion accords with Southern Pacific Co. v.Jensen, 244 U.S. 205; Chelentis v. Luckenbach S. S. Co., 247 U.S. 372;Union Fish Co. v. Erickson, 248 U.S. 308; and Knickerbocker Ice Co. v.Stewart, 253 U.S. 149. In each of them the employment or contract was maritime in nature and the rights and liabilities of the parties were prescribed by general rules of maritime law essential to its proper harmony and uniformity. Here the parties contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential." To the same effect is the holding in Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, and in AlaskaPackers Assn. v. Industrial Commission, 276 U.S. 467, where claimant was injured while pushing a stranded boat into navigable water. See, also,Messel v. Foundation Co., 274 U.S. 427, where the injury complained of was to a workman engaged in making repairs to a vessel in navigable waters. It was there held in effect that the state law might be resorted to for the remedy, but not for substantive right.
In State Industrial Commission of New York v. Nordenholt Corporation,259 U.S. 263, it was said: "When an employee working on board a vessel in navigable waters sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land." *Page 128 
In T. Smith Son, Inc., v. Fannie Robinson Taylor, 276 U.S. 179,72 Law Ed., 520, where a longshoreman at work on a wharf unloading a vessel, was struck by a loaded sling and precipitated into the river, the Court used the following language: "Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated section 2 of Art. III. But, if the cause of action arose upon the land, the state law is applicable. Plaintiff in error concedes that the stage and wharf on which deceased was working are to be deemed an extension of the land and that the state law would apply if he had been injured or killed by falling on the landing-place. It argues that as no claim was made for injuries sustained while deceased was on land and as the suit was solely for death that occurred in the river, the case is exclusively within the admiralty jurisdiction. But this is a partial view that cannot be sustained. The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death. The substance and consummation of the occurrence which gave rise to the cause of action took place on land."
In Emerson F. Minnie v. Port Huron Terminal Company, 295 U.S. 647,79 Law Ed., 1631, where a longshoreman at work on the deck of a vessel lying in navigable waters, was struck by a swinging hoist and knocked on the wharf, the Court said: "We have held that the case of an employee injured upon navigable waters while engaged in a maritime service is governed by the maritime law. Southern Pacific Co. v. Jensen, 244 U.S. 205; GrantSmith-Porter Co. v. Rohde, 257 U.S. 469. It is otherwise if the injury takes place on land. State Industrial Commission v. Nordenholt Corp.,259 U.S. 263; Nogueira v. New York, N. H. H. R. R. Co., 281 U.S. 128. In the instant case, the injury was due to the blow which petitioner received from the swinging crane. It was that blow received on the vessel in navigable water which gave rise to the cause of action, and the maritime character of that cause of action is not altered by the fact that the petitioner was thrown from the vessel to the land." To similar effect is the holding in Kenward v. Admiral Peoples, 295 U.S. 469.
In the recent case of Carlin Construction Co. v. Heaney, 299 U.S. 41, where claimant instituted proceeding before the New York State Industrial Board for compensation from employer for injury received while being transported on a ferry boat operated under contract by employer, an award under the provisions of the Workmen's Compensation Law was upheld. The court in that case quoted with approval this *Page 129 
statement of a pertinent principle: "An award under the Workmen's Compensation Law is not made on the theory that a tort has been committed; on the contrary, it is upon the theory that the statute giving the commission power to make an award is read into and becomes a part of the contract." The Court, in further amplification of principles which we think applicable to the case at bar, used this language: "This Court has often ruled that the maritime law cannot be modified by state enactments so as materially to interfere with its essential uniformity. State IndustrialCommission v. Nordenholt Corp., supra. But this doctrine, we think, has no application in the circumstances here presented. The present attempt is to enforce a liability assumed by employer and insurance carrier under a non-maritime contract. All parties, as well as the accident, were within the limits of New York State. The contract had no direct relation to navigation; to enforce it against the parties before us will not materially interfere with the uniformity of any maritime rule. There is no claim against the ship or her owner; their rights are not in issue. . . . The respondent here seeks to enforce a contract of employment which had no direct and immediate relation to navigation, business or commerce of the sea. North Pacific S. S. Co. v. Hall Bros. Marine R. Shipbuilding Co.,249 U.S. 119, 125, 63 L.Ed., 510, 512; 39 S.Ct., 221; Benedict, Admiralty, 5th Ed., sec. 63."
This Court has heretofore considered a similar question in Cromartie v.Stone, 194 N.C. 663, 140 S.E. 612, where it was held that an action to recover damages for the negligent killing of one employed in rafting logs on a navigable river was properly brought in the State court according to common law principles, and that the jurisdiction was not confined to the courts of the United States.
Here the deceased, ordinarily employed in other work by defendant, was assigned temporarily to the task of pumping water out of a barge lying alongside the bank of a navigable river. The barge had no means of propulsion, and was at the time incapable of navigation. The deceased and the defendant had each accepted, and were amenable to, the provisions of the North Carolina Workmen's Compensation Act. The work upon which deceased was engaged had no direct relation to navigation or commerce of the sea. While the State statute may not affect the general maritime law beyond certain limits, if its application works no material prejudice to the characteristic feature of the general maritime law nor interferes with the proper harmony and uniformity of that law, the rules of the latter may be modified, and remedies made available in accordance with the laws of the State. Grant Smith-Porter Ship Co. v. Rohde, supra.
We conclude that plaintiff's claim was properly cognizable by the North Carolina Industrial Commission, and that upon appeal duly *Page 130 
perfected the Superior Court had jurisdiction to hear and determine. No other error is suggested. The judgment of the court below upholding an award by the Industrial Commission in favor of the plaintiff is affirmed.
On plaintiff's appeal: Affirmed.
On defendant's appeal: Affirmed.