CALVIN T. RICE, EMPLOYEE v. UWHARRIE COUNCIL BOY SCOUTS OF AMERICA, EMPLOYER, AND UTICA MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 16 December, 1964.)

**1. Master and Servant § 83;   Admiralty—**

Where the contract of employment is made in this State, the employer's business is in this State, and the contract of employment does not specifically provide for services exclusively outside this State, *held,* the North Carolina Industrial Commission has jurisdiction of a claim for injury even though it occurs on the high seas provided it arises out of and in the course of employment, G.S. 97-36, since the Longshoremen's and Harbor Workers' Act is applicable only to injuries arising on navigable waters which may not validly be provided for by State Law. 33 U.S.C.A. 901-950.

**2. Master and Servant § 54—**

Injury to a Scout executive by accident while on a fishing trip on the high seas while attending an executive's conference arises out of and in the course of his employment when the executive is directed to attend the conference with all expenses paid by the Council, and the Council prepares an agenda of recreational projects, including deep sea fishing, and impliedly requires each executive to select one of the projects as an aid to his advancement and better qualifications to carry on his work in scouting.

APPEAL by defendants from *Gwyn, J.,* June 1, 1964 Non-Jury Civil Session, GUILFORD Superior Court, Greensboro Division.

This proceeding originated before the North Carolina Industrial Commission upon a compensation claim filed by Calvin T. Rice, employee, against the Uwharrie Council Boy Scouts of America, employer, and Utica Mutual, the insurance carrier.

The parties stipulated that on August 23, 1961, the plaintiff, claimant, and the Council, employer, were subject to, and bound by, the provisions of the North Carolina Workmen's Compensation Act; that the employee-employer relationship existed between them; that the Utica Mutual Insurance Company was the insurance carrier. The employer denied, however, that the plaintiff was acting as an employee at the time of his injury on August 22, 1961. The Hearing Commissioner

made findings of fact but denied compensation upon the sole ground the evidence showed the injury by accident occurred on the high seas; that the North Carolina Industrial Commission had no jurisdiction of the claim.

Upon review, the Full Commission made these findings:

"1. On August 23, 1961, plaintiff was employed by defendant employer as a District Scout Executive and had been so employed for almost three years. Plaintiff was a resident of Lexington, North Carolina, his contract of employment was made in North Carolina, defendant employer had a place of business in North Carolina and plaintiff's contract of employment was not expressly for services exclusively outside of North Carolina.

"2. A Scouting Executive Conference was held at Jekyll Island, Georgia, from August 20, 1961, to August 25, 1961. Scouting executives from Region 6, composed of North Carolina, South Carolina, Georgia, Florida and the Panama Canal Zone, attended the conference.

"3. Plaintiff along with other scout executives from the Uwharrie Council attended the conference. Plaintiff's travel expense, meals and lodging were paid by defendant employer. Various instructional programs were conducted during the conference. Wednesday afternoon, August 23, 1961, was set aside for recreation such as surf bathing, golf and deep sea fishing.

"4. Plaintiff and other scout executives, including some from Uwharrie Council, elected to go deep sea fishing. The boat departed shortly after noon and went to a place on the ocean over a wrecked ship where it anchored.

"5. A chock for the anchor on the boat pulled loose and struck plaintiff on the right leg below the knee fracturing same. Plaintiff was hospitalized at Brunswick, Georgia from August 23 to September 8 and then in Lexington Memorial Hospital under the care of Dr. Earl W. Shafer. Plaintiff reached the end of the healing period on April 24, 1962, and has 10% permanent loss of use of his right leg. Plaintiff was paid his regular salary while he was out of work from August 23, 1961, to February 1, 1962, and sustained no wage loss.

"6. That plaintiff sustained, as described above, an injury by accident arising out of and in the course of his employment with defendant employer."

Upon the basis of its findings, the Commission entered an award allowing compensation. Judge Gwyn, of the Superior Court, affirmed the Commission's award. The defendants appealed from his judgment.

*Charles W. Mauze for plaintiff appellee.*
*Smith, Moore, Smith, Schell & Hunter by Bynum M. Hunter for defendant appellants.*

HIGGINS, J. The evidence fully sustains the findings made by the Full Commission. The defendants contend, however, that No. 6 is a mixed finding of fact and conclusion of law which they may challenge upon the ground (1) the accident occurred on the navigable waters of the United States; and (2) the accident and injury did not arise out of and in the course of the claimant's employment.

In support, the defendants contend the plaintiff's remedy must be under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. 901-950. The defendants cite *Calbeck v. Travelers Insurance Co.,* 370 U.S. 114, 8 L. Ed. 2d 368. However, § 903(a) of the Act provides for coverage for injuries on navigable waters, "But only if the disability or death results from an injury arising on the navigable waters of the United States *and if* recovery . . . through Workmen's Compensation proceedings may not validly be provided by State law." Unless the remedy under Maritime Law is exclusive, the claimant may proceed under State law. Workmen's Compensation, Vol. 2, Schneider (3rd Ed.) 245. The claimant seeks to assert rights under his contract of employment as an Executive of the Uwharrie Council. The proper forum is the North Carolina Industrial Commission. *Johnson v. Lumber Co.,* 216 N.C. 123, 4 S.E. 2d 334; *Carlin Construction Co. v. Heaney,* 299 U.S. 541. Hence, if a valid award may be made under the North Carolina Workmen's Compensation Act, we may dismiss from consideration the Longshoremen's Act. Double coverage is not intended. The claim does not arise under Maritime Law, but under an employment contract made in North Carolina by residents of that State. *Warren v. Dixon & Christopher Co.,* 252 N.C. 534, 114 S.E. 2d 250.

The North Carolina Workmen's Compensation Act, G.S. 97-36, after the 1963 Amendment, provides coverage for accidents happening outside this State under the same rules as if the accident happened in this State, provided: (1) the contract of employment was made in this State; (2) the employer's business is in this State; (3) the contract of employment did not expressly provide for services exclusively outside this State. The amendment, Ch. 450, § 2, Session Laws of 1963, struck out the requirement that the plaintiff should be a resident of this State.

The only question, therefore, is whether the claimant sustained injury by accident arising out of and in the course of his employment as a District Scout Executive, Uwharrie Council Boy Scouts of America.

The evidence discloses the quadrennial conference of the Scout Executives for the States of North Carolina, South Carolina, Georgia, and Florida, and for the Panama Canal Zone was called for August 20-25 to be held at Jekyll Island, Georgia. "A Scout Executives' Conference is the training course for professional scouting." The claimant was one of four executives of the Uwharrie Council directed to attend and in the words of the Chief Executive Officer of the Council, "Unless a person was ill it was practically compulsory that he be there." The Uwharrie Council paid the expenses, consisting of transportation, lodging, meals at the Conference and en route. The Council prepared the agenda of the Conference, including recreation or free time activities. The claimant and many others elected to go deep sea fishing. While the claimant appears to have paid his fee of $5.00 for the fishing trip, nevertheless, others in attendance were reimbursed for this expense by the employer. Of this activity, Mr. B. W. Hackney, Jr., Executive of the Uwharrie Council and claimant's superior officer, testified. "The entire recreation program or free time aspect was discussed at the conference. I discussed it personally with them. As to the instruction or direction I gave the staff members with regard to the recreational activity, in any conference that the staff attends it also behooves me as the Council Executive to point out the value of participation in the social activity that is a part of the conference program. Sometimes we listed it as recreational and sometimes as free time because at those conferences the aspect that is most valuable to these men during this recreation occurs through their meeting other scouting executives who are in the market for personal advancement. While we don't specifically say that you have to take part in this activity or that activity, they are certainly instructed to participate in one of the many that are provided for at any of our conferences that we attend."

Mr. Howard T. Smith, District Scout Executive for another Council, was on the fishing trip with claimant. He testified: "The recreational program of the conference was a planned part of the program. As to who planned it, in the bulletins that we have received prior to our attendance it was listed in there from the Regional Office. As to whether I was required to participate in the recreational program, the Council for which I work felt it would be excellent and they stated before we went that we should take part in it."

The evidence disclosed that Boy Scouts of America has "A fishing merit badge. . . . As to the part fishing plays in the exploration pro-

gram of scouting, in the older boys' program they may set up a depot involving nothing but fishing if they so desired. It is left largely to the individual boys."

The evidence and findings permit the inference the employer impliedly required participation in the scheduled activities, including the fishing trip, not merely for the purpose of furnishing amusement and entertainment for the employee, but as an aid to his advancement and better qualification to carry on his work in scouting. Larsen, in his work on Compensation Law, Vol. 1, § 2200, pp. 328-329, says that under such circumstances injuries suffered by employees in recreational activities are compensable. See, also, *Perry v. Bakeries Co.*, 262 N.C. 272, 136 S.E. 2d 643. That case certainly does not conflict with the decision here. Mr. Perry entered the swimming pool entirely on his own after the social hour provided by his employer was over.

We think the evidence and findings based thereon in this case are sufficient to permit the inference that the plaintiff's injury arose out of and in the course of his employment. *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308. The judgment of the Superior Court is

Affirmed.