The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The parties are subject to the North Carolina Workers' Compensation Act.
The employer/employee relationship existed between the City of Raleigh and the plaintiff-employee, James T. Anderson.
The City of Raleigh properly qualifies as a self-insurer.
The date of the alleged injury is February 8, 1995.
Plaintiff's average weekly wage is $584.09, yielding a compensation rate of $389.41.
On February 8, 1995, James T. Anderson was employed as First Class Officer with the police department of the City of Raleigh and served as a community relations officer. Officer Anderson had traveled to Salemburg on February 6, 1995 to attend a training session, along with two other officers. The training session lasted for two weeks. Plaintiff and the other Raleigh police officers attending this session were given the option to stay in Salemburg during weekday nights. Anderson and the other officers returned to Raleigh on the weekends. Plaintiff and the other police officers from the Raleigh Police Department and other departments who opted to stay in Salemburg were housed at the N.C. Justice Academy in Salemburg during the training session.
Officer Anderson was assigned the duty of running the police department's Summer Youth Basketball Program. This program takes place during the summers after the school year ends.
Stipulated Exhibits include:
 a. Plaintiff's medical records from Sampson County Memorial Hospital;
 b. Plaintiff's medical records from Dhillon Orthopaedic Clinic;
 c. Plaintiff's medical records from Raleigh Community Hospital;
d. Raleigh Police Department job description.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
At the time of the hearing, plaintiff had been a police officer for almost five years.
During the two-week training session in Salemburg, plaintiff and other police officers attended classes and various recreational activities were provided by the Justice Academy for utilization by police officers, including basketball and weight room facilities.
Since plaintiff was in charge of the summer youth basketball program for the Raleigh Police Department, he was encouraged by John Dickinson, assistant director of the Method Community Center, who works in conjunction with the Raleigh Police Department and their summer youth basketball league, to practice playing basketball in order to improve on his skills and to be able to better relate to the program participants.
On February 8, 1995, plaintiff sustained an injury by accident within the course and scope of his employment when he was playing in a basketball game at the police academy in Salemburg with three fellow Raleigh Police Department officers. During the game, plaintiff was coming down from a jumpshot when he felt a snap in the back of his left leg.
The next morning, plaintiff's leg was swollen and painful, so he presented himself at the emergency room at Sampson County Memorial Hospital. There he was diagnosed with a torn Achilles tendon in his left foot. Plaintiff notified his supervisor, Sergeant Brenda Elmore, of the incident.
From February 10, 1995 through July 12, 1995, plaintiff treated with Dr. Frederick Benedict at the Dhillon Orthopedic Center. Dr. Benedict performed surgery to repair plaintiff's completely ruptured left Achilles tendon on February 13, 1995.
Pursuant to a stipulation entered into by the parties respecting medical testimony by Dr. Frederick Benedict, the left Achilles tendon rupture sustained by plaintiff was caused when he was playing basketball at the Salemburg Police Academy on February 8, 1995 with fellow police officers; and
As a result of the injury, plaintiff was unable to work from February 9, 1995 to March 20, 1995; and
As a result of the injury, plaintiff suffered a 15% permanent partial disability to his left foot.
The Raleigh Police Department job description for the Crime Prevention/Community Relations Unit (Stip. Exh. #4) makes this particular unit responsible for maintaining an active departmental leadership role in developing community recreational programs for juveniles. A division directive of this unit is that the Raleigh Police Department sponsors a summer youth basketball [and baseball] program designed to promote and enhance the perceptions of young people towards law enforcement through organized sports activities.
11. The recreational activity provided by defendant-employer in which plaintiff participated on February 8, 1995 aided in plaintiff's advancement and better qualification to carry out his prescribed job duties and was also beneficial to defendant-employer.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Plaintiff sustained an injury by accident arising out of and the course of his employment on February 8, 1995, resulting in a completely ruptured left Achilles tendon. N.C. Gen. Stat. §97-2 (6); Rice v. Uwharrie Council Boy Scouts ofAmerica, 263 N.C. 204, 139 S.E.2d 223 (1964).
As a result of his compensable injury on February 8, 1995, plaintiff is entitled to temporary total disability compensation at the rate of $389.41 per week, from February 9, 1995 to March 20, 1995. N.C. Gen. Stat. § 97-29.
For his fifteen (15%) percent permanent partial disability of the left foot, defendant shall pay permanent partial disability compensation to plaintiff at the rate of $389.41 per week, for a period of 21.6 weeks. Said amount shall be paid to plaintiff in a lump sum, subject to the attorney fee approved below. N.C. Gen. Stat. § 97-31.
4. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on February 8, 1995. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For his temporary total disability compensation, defendant shall pay all temporary total disability compensation to plaintiff at the rate of $389.41 per week, from February 9, 1995 to March 20, 1995. Said amount shall be paid to plaintiff in a lump sum, subject to an attorney fee approved below.
2. For his fifteen percent (15%) permanent partial disability of his left foot, defendant shall pay all permanent partial disability compensation to plaintiff at the rate of $389.41 per week for a period of 21.6 weeks. Said amount shall be paid to plaintiff in a lump sum, subject to an attorney fee approved below.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on February 8, 1995, when bills for the same shall have been submitted in accordance with current Industrial Commission procedure.
4. A reasonable attorney fee of twenty-five percent (25%) of the compensation due plaintiff under this AWARD is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of the lump sum due plaintiff shall be deducted from the sums due and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs.
 S/ _____________ MARY MOORE HOAG DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER
MMH:db