PERRY L. THOMAS, EMPLOYEE, APPELLANT v. OVERLAND EXPRESS, INC. AND/OR LEASCO, INC., EMPLOYER, CITY INS. CO., CARRIER, APPELLEES

No. 8910IC1208

(Filed 18 December 1990)

1. **Master and Servant § 86 (NCI3d) — workers' compensation — out-of-state accident — jurisdiction of Industrial Commission — place employment contract entered — last act test**

    The "last act" test will be applied to determine whether a contract of employment was made in North Carolina within the meaning of the provision of N.C.G.S. § 97-36 giving the Industrial Commission jurisdiction over a workers' compensation claim arising from an out-of-state accident when the contract of employment was made in North Carolina. Therefore, the Industrial Commission did not have jurisdiction over a workers' compensation claim for an injury sustained by an employee in Florida where the evidence showed that the final act necessary to make a binding contract of employment occurred in Indiana.

    **Am Jur 2d, Workmen's Compensation §§ 86, 87, 88.**

2. **Master and Servant § 86 (NCI3d) — workers' compensation — out-of-state accident — jurisdiction of Industrial Commission — employer's principal place of business — minimum contacts test inapplicable**

    A minimum contacts test will not be used to determine the applicability of the provision of N.C.G.S. § 97-36 giving the Industrial Commission jurisdiction over a workers' compensation claim arising from an accident in another state if the employer's principal place of business is in North Carolina. Although defendant employer conducted substantial business

**THOMAS v. OVERLAND EXPRESS, INC.**

[101 N.C. App. 90 (1990)]

in North Carolina, the Industrial Commission did not have jurisdiction over plaintiff's claim for an injury sustained in Florida where all the evidence showed that defendant's principal place of business was in Indiana.

**Am Jur 2d, Workmen's Compensation §§ 86, 87, 88.**

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 24 July 1989. Heard in the Court of Appeals 8 May 1990.

*Daniel S. Walden for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher B. Kincheloe, for defendant-appellees.*

PARKER, Judge.

The primary issue for determination in plaintiff's appeal is whether the North Carolina Industrial Commission had subject matter jurisdiction over plaintiff's claim for personal injury occurring outside North Carolina.

Plaintiff, an experienced tractor-trailer driver, is a resident of North Carolina. Defendant employer (herein defendant) operates a tractor-trailer fleet. In the spring of 1986 plaintiff applied for a job with defendant by filling out an application form and turning it in at defendant's terminal in Greensboro. Defendant arranged for plaintiff to fly to Indianapolis, Indiana, along with other prospective employees for a road test and general orientation to the company. While in Indiana, plaintiff signed certain papers which provided in pertinent part as follows:

AGREEMENT

MADE this 24 day of April, 1986, by and between Leasco, Inc., an Indiana corporation with its principal place of business at 1631 W.Thompson Road, Indianapolis, Indiana 46217 ("Employer"), and Perry L. Thomas, an individual residing at 2212 Olive Dr., Reidsville, North Carolina 27320
Street Address    City    State    Zip
("Employee").

**THOMAS v. OVERLAND EXPRESS, INC.**

[101 N.C. App. 90 (1990)]

WITNESSETH

WHEREAS, Employer is in the business of hiring qualified employees to perform various tasks in the trucking business; and

WHEREAS, Employee desires to work in the trucking business for Employer; and

WHEREAS, Employee's duties require travel regularly in Employer's service in Indiana and in other states;

NOW, THEREFORE, the parties hereto, intending to be legally bound, hereby covenant and agree as follows:

1. Employee's employment is principally localized in Indiana.

2. The laws of the State of Indiana, including the Indiana Workmen's Compensation Act and its benefits, shall apply to the settlement of any claim arising out of any job-related injury or disease of the Employee.

3. Employee agrees to this method of resolution regardless of his or her state of residence or domicile.

4. Employee consents to the filing of this agreement with any appropriate state agency which handles the administration of workers' compensation claims for any state.

On 26 April 1986 plaintiff drove his first load from defendant's Greensboro, North Carolina, terminal. Plaintiff was a regional driver who drove primarily within the State of North Carolina until September 1986. In September 1986, however, defendant held a drivers' meeting at the Holiday Inn-Four Seasons in Greensboro, North Carolina, and informed the drivers that because defendant was losing money, drivers would be required to start making trips of five to seven days' duration into South Carolina, Georgia, Florida and Virginia. Additionally, instead of being dispatched from the Greensboro terminal as in the past, drivers were now dispatched by telephone from Indianapolis.

On 9 December 1986 plaintiff suffered an injury by accident to his right foot while picking up a load for defendant in Madison, Florida. He immediately reported his injury to defendant. Defendant filed a claim with the Industrial Board of the State of Indiana and plaintiff was compensated for temporary total disability under Indiana law at a rate of $190.00 per week for the following periods: 12 December 1986 through 14 December 1986, 3 February 1987

THOMAS v. OVERLAND EXPRESS, INC.

[101 N.C. App. 90 (1990)]

through 19 August 1987, and 22 December 1987 through 2 May 1988. Plaintiff resumed driving for defendant in August 1987 and left his employment voluntarily on 19 October 1987. On 21 December 1987 plaintiff filed a claim with the North Carolina Industrial Commission for benefits under the North Carolina Workers' Compensation Act claiming compensation for mileage and medication reimbursement, for an additional $55.86 per week in temporary total disability benefits, and, later, for a 40% permanent partial disability to his right foot—none of which was recoverable under the laws of Indiana.

After plaintiff's claim was filed with the North Carolina Industrial Commission, defendant filed a petition in the United States Bankruptcy Court for the Southern District of Indiana, seeking protection under Chapter 11. Plaintiff moved the Bankruptcy Court to lift the automatic stay to allow the present claim to proceed and plaintiff's motion was granted. Plaintiff's claim was heard on 23 May 1988 in Wentworth, North Carolina, before former Deputy Commissioner Richard B. Harper. At this hearing the parties stipulated that on 9 December 1986 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. The parties also stipulated to the treating doctor's report showing plaintiff to have a 40% permanent partial disability to his right foot resulting from the 9 December 1986 accident.

On 30 January 1989 former Deputy Commissioner Harper issued his Opinion and Award dismissing plaintiff's claim by interpreting G.S. 97-36 to mean that the Commission did not have subject matter jurisdiction over plaintiff's claim. Plaintiff appealed to the Full Commission. On 24 July 1989 the Commission issued its Opinion and Award affirming and adopting as its own the Opinion and Award of the Deputy Commissioner. On 17 August 1989, within the 30-day period for taking appeal as specified in G.S. 97-86, plaintiff filed his written notice of appeal.

On appeal plaintiff brings forward four assignments of error. First, plaintiff contends that the Commission erred in finding and concluding that the contract of employment was made in Indiana as opposed to North Carolina. Second, plaintiff asserts that the Deputy Commissioner erred in finding and concluding that defendant's principal place of business was in Indiana as opposed to Greensboro, North Carolina. Third, plaintiff argues that the Deputy Commissioner erred in finding and concluding that the North Carolina

Industrial Commission may not exercise subject matter jurisdiction over plaintiff's claim. Finally, plaintiff contends that the Commission erred in finding that G.S. 97-36 is a jurisdictional statute that precludes application of the Act to plaintiff's claim.

As to plaintiff's contention that the Commission erred in finding and concluding that plaintiff's contract of employment was made in Indiana, the Commission made the following pertinent findings of fact to which plaintiff has not excepted:

3. On or about March 26, 1986 plaintiff responded to an employment ad placed by defendant, Overland Express, in the Greensboro News and Record. This ad stated several terms of employment including a requirement that employees must live within a 50 mile radius of Greensboro, North Carolina and that retirement and life insurance programs were provided as benefits.

4. Plaintiff submitted an application for employment to the dispatcher at the Overland Express Terminal located near the intersection of Interstate 40 and Chimney Rock Road in Greensboro, North Carolina near the end of March 1986. Following that application, the plaintiff was contacted by an agent of Overland Express and was informed of a flight reservation at the Greensboro Airport. Plaintiff arrived at the Greensboro Airport and was flown to Indianapolis, Indiana along with other prospective employees.

5. Following his arrival in Indiana the plaintiff was given a physical and road test by employees of Overland Express.

Since plaintiff has not excepted to these findings, they are binding on appeal. *Salem v. Flowers*, 26 N.C. App. 504, 216 S.E.2d 392 (1975). Plaintiff has excepted to the Commission's finding that:

6. On 24 April 1986, four days after his arrival in Indiana and while still in Indiana, plaintiff was informed that he had been hired as a driver by Overland Express. Plaintiff signed employment papers that day and agreed to become an employee of defendant.

In appeals from the Industrial Commission, when the assignments of error bring forward for review the findings of fact made by the Commission, the Court will review the evidence to determine whether there is any competent evidence to support the findings;

if so, the findings of fact are conclusive. If a finding of fact is a mixed question of fact and law, it is also conclusive if supported by competent evidence. The appellate court can only review for errors of law. *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E.2d 410 (1954). Our review of the transcript of the hearing before the Deputy Commissioner reveals that there was competent evidence to support this finding of fact; therefore, it is binding on appeal.

Based on these findings, the Commission concluded:

1. The contract of employment between plaintiff and defendants [sic] was made on 24 April 1986 in the State of Indiana when, by his own admission, plaintiff accepted defendant's first formal offer of employment. See, *Goldman v. Parkland of Dallas, Inc.*, 7 N.C. App. 400, 173 S.E.2d 15 aff'd 277 N.C. 223, 176 S.E.2d 784 (1970).

Plaintiff objects to this conclusion on the grounds that the document which plaintiff signed in Indiana was not a contract of employment, but instead was a "waiver and release" of plaintiff's right to bring any claims under the North Carolina Workers' Compensation Act. Plaintiff also contends that finding that the contract was "made" in Indiana merely because plaintiff signed his W-2 forms and the release in Indiana is an arbitrary, technical and rigid manner of determining where the contract was entered into.

Contrary to plaintiff's contention that G.S. 97-36 is not a jurisdictional statute and that the North Carolina legislature did not intend to limit the protection provided by the Workers' Compensation Act to only those persons who were injured within the territorial limits of our State, G.S. 97-36 lists certain conditions which must be met before the Commission can exercise jurisdiction over claims arising from work-related accidents occurring outside North Carolina. "The Industrial Commission is primarily an administrative agency of the State," but when a claim for compensation is presented the Commission is constituted a "special" tribunal, "is invested with certain judicial functions, and possesses the powers and incidents of a court . . . ." *Hanks v. Utilities Co.*, 210 N.C. 312, 319-20, 186 S.E. 252, 257 (1936). The Commission is not a court of general jurisdiction and "has no jurisdiction except that conferred upon it by statute." *Bryant v. Dougherty*, 267 N.C. 545, 548, 148 S.E.2d 548, 551, 28 A.L.R.3d 1057, 1062 (1966).

The original version of the statute gave the Industrial Commission jurisdiction over accidents happening outside North Carolina only where the contract of employment was made in North Carolina, where the employer's place of business was in North Carolina and where the employee was a resident of North Carolina. *Reaves v. Mill Co.*, 216 N.C. 462, 465, 5 S.E.2d 305, 306 (1939). In 1963 the statute was amended to grant the Industrial Commission jurisdiction over accidents happening outside the State where the contract of employment was made in North Carolina, the employer's place of business was in North Carolina and the contract of employment did not expressly provide for services exclusively outside North Carolina. The 1963 amendment deleted the requirement that the employee be a resident of North Carolina in order for the provisions of our workers' compensation statute to apply to claims for injuries resulting from out-of-state accidents. *Rice v. Boy Scouts*, 263 N.C. 204, 206, 139 S.E.2d 223, 226 (1964). The statute as currently written grants jurisdiction to the Industrial Commission only if the contract of employment is made in North Carolina or if the employer's principal place of business is in North Carolina. G.S. 97-36. *See also Leonard v. Johns-Manville Sales Corp.*, 59 N.C. App. 454, 297 S.E.2d 147 (1982), *rev'd*, 309 N.C. 91, 305 S.E.2d 528 (1983).

In determining whether the contract of employment in the present case was made in this State for the purposes of G.S. 97-36, the Commission apparently applied the "last act" test. For the purpose of determining whether North Carolina courts have jurisdiction over a foreign corporation under the long-arm statute by virtue of a contract made in this State, our appellate courts have held that for a contract to be made in North Carolina, the final act necessary to make it a binding obligation must be done here. *Goldman v. Parkland*, 277 N.C. 223, 176 S.E.2d 784 (1970) (holding that where the final act necessary to make a binding agreement was its acceptance, and the plaintiff accepted by signing the agreement in Greensboro, North Carolina, the trial court had personal jurisdiction over the foreign corporation); *Realty Corp. v. Savings & Loan Assoc.*, 40 N.C. App. 675, 253 S.E.2d 621, *disc. rev. denied and appeal dismissed*, 297 N.C. 612, 257 S.E.2d 435 (1979), *cert. denied*, 469 U.S. 835, 83 L.Ed.2d 69 (1984) (holding that letter sent from North Carolina borrower to Florida lender was an acceptance of lender's offer and was the final act necessary to make a binding obligation); *Leasing Corp. v. Equity Associates*, 36 N.C. App. 713, 245 S.E.2d 229 (1978) (holding that a lease and assumption agree-

ment executed by defendant corporation in Texas, but executed by plaintiff in North Carolina provided statutory basis for personal jurisdiction over the foreign corporation). Our courts also employ this "last act" test to establish where a contract was made for the purpose of determining whether North Carolina law will be applied to ·interpret the contract. *See Fast v. Gulley*, 271 N.C. 208, 155 S.E.2d 507 (1967).

[1] General Statute 97-36 does not specify the test to be applied in determining whether the contract of employment was made in North Carolina. The test employed under our long-arm statute and under our choice of laws doctrine is in our opinion the appropriate test to be applied under G.S. 97-36. Although the Commission's findings of jurisdictional facts are not conclusive on appeal, *Lucas v. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976), our review of the record in the present case reveals that the events which culminated in plaintiff accepting employment with defendant, and the "last act" for purposes of conferring extraterritorial jurisdiction on the Commission, occurred in Indiana rather than in North Carolina.

[2] As to the Commission's determination that defendant's principal place of business was not in North Carolina, plaintiff contends that an employer such as defendant which conducts substantial business within the boundaries of North Carolina, which maintains more than the jurisdictionally requisite number of employees and which maintains substantial business facilities in North Carolina should not be allowed to avoid the burdens imposed by our laws when the employer clearly has enjoyed the protection of these laws. Plaintiff contends that all that is required by G.S. 97-36 is a showing of minimum contacts and, therefore, defendant's substantial business presence within our State is sufficient to confer jurisdiction on the Industrial Commission even though the evidence shows that defendant's principal place of business is not located in North Carolina.

We agree that defendant's business contacts with North Carolina are sufficiently substantial to meet minimum due process requirements. G.S. 1-75.4(1)(d). Where the language of a statute is clear and unambiguous, however, there is no room for judicial construction and the courts must apply the statute so as to give the language of the statute its plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 465, 232 S.E.2d

184, 192 (1977). The provision of this statute, which requires that the employer's principal place of business be located in North Carolina in order to confer jurisdiction on the Commission over claims arising from accidents occurring outside North Carolina, is clear and unambiguous; therefore, we are required to apply the provision giving the words their plain and definite meaning. This Court cannot separate the word "principal" from place of business and establish a minimum contacts test for application of our compensation statute to accidents which occur outside North Carolina. The function of the court is to declare what the law is and not what the law ought to be. *Vinson v. Chappell*, 3 N.C. App. 348, 350, 164 S.E.2d 631, 633, *aff'd*, 275 N.C. 234, 166 S.E.2d 686 (1968). All the evidence of record in the present case shows that defendant's principal place of business was in Indianapolis, Indiana. For this reason, although it is also uncontradicted that defendant conducted substantial business in North Carolina, we are constrained to conclude that the Industrial Commission did not have jurisdiction over the claim arising from plaintiff's out-of-state injury.

Additionally, plaintiff contends that the recitals of place of performance of plaintiff's work were wholly false and wrongfully calculated to secure the employee's promise that he would forego compensation for work-related injuries except for any compensation provided by the State of Indiana, that this agreement contravened the public policy of our State as codified at G.S. 97-6 and, thus, that the agreement is void. Plaintiff also proposes that defendant's practice of flying prospective employees to Indiana and "hiring" the employees while in Indiana was an elaborate scheme designed to relieve defendant of any obligation which might arise under our Workers' Compensation Act. We do not reach the issue of whether the agreement was void in this particular case since we have decided that the Commission lacks jurisdiction over the claim in any event.

Having established that G.S. 97-36 is a statutory provision limiting the Commission's jurisdiction over claims arising from accidents which occur outside North Carolina and having concluded that under the facts in this case the jurisdictional prerequisites are not present, we affirm the decision of the Commission that it lacked jurisdiction to determine this matter.

Affirmed.

Judges WELLS and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 30 November 1990.