The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Ford and the briefs on appeal. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * *
This cause was originally heard by Deputy Commissioner Ford in Wilkesboro, N.C. on 25 January 1994.
* * * * * * * *
The Full Commission adopts and finds as facts the following, agreed to by the Parties as:
STIPULATIONS
1. As of March 19, 1992, Harleysville Ins. Co. provided the coverage to the employer as provided under said Act.
2. The alleged injury giving rise to the plaintiff's claim occurred on March 19, 1992.
3. That the issues to be determined in this case are:
 a. Did the employer-employee relationship exist between the parties on March 19, 1992;
 b. Does the North Carolina Industrial Commission have jurisdiction over the subject matter and parties to this proceeding;
 c. If so, did the plaintiff sustain an injury by accident arising out of and in the course of his employment with the defendant-employer on March 19, 1992;
 d. If so, are the injuries of which the plaintiff complains caused by the said accident;
 e. If so, to what compensation is the plaintiff entitled under the Act.
4. The parties stipulated into evidence plaintiff's Exhibit 1 consisting of several pages of payroll ledger sheets and medical reports and medical bills.
* * * * * * * * * * * * * *
On July 12, 1994, the plaintiff moved that the record in this cause be held open for another sixty days for the adducing of medical evidence, which Motion Deputy Commissioner Ford denied since he was of opinion that the North Carolina Industrial Commission had no jurisdiction over the parties or the subject matter of this proceeding.
* * * * * * * * * * * * * *
FINDINGS OF FACT
The Full Commission makes the following:
1. The plaintiff sustained the injury of which he complains on March 19, 1992 at a time when he was working on a project for the defendant-employer in the State of New York, at a location in Nassau County approximately twenty-five miles from his residence in Smithtown, New York. Such injury grew out of and in the course and scope of the employment of plaintiff by defendant-employer.
2. Prior to the project in Nassau County, New York in which the plaintiff was working when he was injured on March 19, 1992, the plaintiff had worked on another project several months before in the State of New York for the defendant-employer at a time when he was also living and residing at Smithtown, New York.
3. On March 19, 1992, the plaintiff was working for the defendant-employer on a project in the State of New York, was injured in the State of New York, was residing in the State of New York, and had contracted with the defendant-employer to do the project at which he was working when he was injured in the State of New York. His average weekly wage was $1,000, yielding a compensation rate of $426 per week.
4. The defendant-employer's principal place of business at said time was located in High Point, North Carolina. While there is no specific case on point, it is generally understood that an employer's principal place of business is that location where the books and records of account of the business are regularly maintained. In this case, the only evidence of the principal place of business of Mangum Building Systems was the payroll ledger introduced by Plaintiff without objection, which indicated the following:
Name of Employer: Mangum Building Systems
Street: 108 Old Thomasville Road, Suite 103
City and State: High Point, NC Zip Code: 27260
Once this evidence was received into evidence it was incumbent on Defendants to introduce evidence rebutting the natural presumption that a business's principal place of business is that place where its books and records of account are regularly maintained and the presumption that the written books and records of account speak the truth as to the matters reflected therein.
5. As a result of the compensable injury by accident plaintiff suffered pain between his shoulder blades, mid back pain, headaches, lower back pain, gas, bloating, heartburn, ankle swelling and hearing difficulty. His treating chiropractor, Dr. Karl G. George, D.C., of East Setauket, New York, treated him from 30 March 1992 through 20 December 1993 for sprain, strain and traumatically induced spondylosis of the cervical, thoracic and lumbar spine, and, upon maximum medical improvement, rated his back at a 40% loss of function.
* * * * * * * * * * * * * *
CONCLUSIONS OF LAW
1. On March 19, 1992, an employer-employee relationship existed between Defendant Mangum Building Systems and Plaintiff Brian A. Weber. On that date plaintiff suffered an on-the-job injury by accident growing out of and in the course and scope of his employment with Defendant Mangum Building Systems.
2. Although Plaintiff was working for Defendant Mangum Building Systems in New York State and under a contract of employment entered into in New York State, the principal place of business of Mangum Building Systems was in High Point, North Carolina, making the incident subject to the North Carolina Workers Compensation Act. N.C. Gen. Stat. § 97-36 and Thomas v.Overland Express, Inc., 101 N.C. App. 90, 398 S.E.2d 921 (1990)
3. Based upon the 40% rating of his back, plaintiff is entitled to 120 weeks of compensation at the rate of $426 per week. N.C. Gen. Stat. § 97-31(23).
4. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent the treatment tends to effect a cure, give relief or lessen his disability. N.C. Gen. Stat. § 97-25.
5. Plaintiff is entitled to temporary total disability compensation benefits at the rate of $426 per week, commencing March 19, 1992 and continuing barring a change of condition, return to work, or further Order of the Industrial Commission for the temporary total disability he has sustained as a result of this injury by accident. N.C. Gen. Stat. § 97-29; Bridges v.Linn-Corriher Corp., 90 N.C. App. 397, 368 S.E.2d 388, disc. rev.den.; 323 N.C. 171, 373 S.E.2d 104 (1988).
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff shall be paid compensation at the rate of $426 per week from March 19, 1992 and continuing subject to a change in condition, a return to work or further Order of the Industrial Commission for the total disability he has sustained as a result of this injury by accident. That portion of this compensation which has accrued shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted to the defendants and approved pursuant to procedures established by the Industrial Commission.
3. Based upon the 40% rating of his back, plaintiff is entitled to 120 weeks of compensation at the rate of $426 per week, which amount shall be paid by defendants in a lump sum subject to the attorney's fee hereinafter provided.
4. An attorney's fee in the amount of twenty-five percent of the compensation awarded herein is hereby approved for plaintiff's counsel, the accrued portion of the fee shall be deducted from the accrued benefits and thereafter defendants shall forward every fourth check of compensation benefits to plaintiff's counsel until plaintiff is no longer entitled to compensation benefits.
5. Defendants shall pay the costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER