The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner.
The Full Commission finds as a fact and concludes as a matter of law the following, which was agreed upon by the parties as a
STIPULATION
The only stipulation of the parties is that plaintiff has received compensation benefits from the employer.
* * * * * * * * * * * * * *
The Full Commission takes judicial notice of the Forms 18 and 33 in the Industrial Commission file whereupon plaintiff represented that the place of injury was Ontario, Canada.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
Plaintiff has lived in Asheville, North Carolina for 24 years and has worked as a truck driver off and on for 16 years.
From 1987 to 1990, plaintiff drove a truck for Melton Truck Lines of Shreveport, Louisiana. Plaintiff's brother owned the truck that plaintiff drove, and Melton leased the truck from plaintiff's brother.
In early July 1990, Melton sold out to defendant CFI. Thereafter CFI contacted plaintiff in Asheville, North Carolina about driving for them. In order to work for CFI, plaintiff had to drive to the CFI yard in Joplin, Missouri, undergo a week of orientation, and take and pass a DOT test, a drug test, a driver's license test, and a DOT physical exam. The last act necessary for a binding contract of employment between plaintiff and defendant was completed in Joplin, Missouri.
Defendant does not have a terminal or office in North Carolina.
Plaintiff's pay checks were sent to his home in Asheville. Plaintiff performed routine maintenance on the truck he drove for CFI in Asheville.
Plaintiff was seldom in Asheville, North Carolina when he worked for CFI. Plaintiff drove long distance throughout the United States and Canada. For example, from 6 August 1992 until 1 October 1992, when he injured his back in Ontario, Canada, plaintiff traveled from Asheville, to South Carolina, to Michigan, to Virginia, to Georgia, to Montreal, Canada, to Quebec, Canada, to Iowa, to Illinois, to Texas, to California, to Texas, to Kentucky, to Texas, to Ohio, to Quebec, Canada, to Tennessee, to South Carolina, to Missouri, to South Carolina, to Georgia, to Texas, to Nebraska, to Michigan, and to Ontario, Canada, without returning to Asheville, North Carolina.
While Asheville, North Carolina was plaintiff's residence or domicile, it was not his principal place of employment.
* * * * * * * * * * * * * * * * * * *
Based upon the foregoing stipulation and findings of fact the Full Commission makes the following
CONCLUSION OF LAW
Plaintiff's 1 October 1992 back injury occurred in Canada. Inasmuch as the contract of employment was made outside of North Carolina, defendant's principal place of business is outside of North Carolina, and plaintiff's principal place of employment is not inside North Carolina, the North Carolina Industrial Commission does not have jurisdiction and plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be DENIED. Thomas v. OverlandExpress, Inc., 101 N.C. App. 90, 398 S.E.2d 921 (1990).
* * * * * * * * * * * * * * *
Based upon the foregoing stipulation, findings of fact and conclusion of law, the Full Commission enters the following
ORDER
Plaintiff's claim is hereby dismissed.
Each side shall pay its own costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
BSB:be