The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, an employment relationship existed between plaintiff and defendant-employer.
2. Crum Forster Insurance Company was the compensation carrier on the risk.
3. Plaintiff's Drivers' Application for Employment, consisting of five pages, is stipulated into evidence.
4. A Motor Vehicle Driver's Certificate of Violations, consisting of one page, is stipulated into evidence.
5. A Certificate of Compliance with Driver's License Requirements, consisting of one page, is stipulated into evidence.
6. An Annual Review of Driving Record, consisting of two pages, is stipulated into evidence.
7. Form NC-4, consisting of two pages, is stipulated into evidence.
8. An Employee Probationary Agreement, consisting of five pages, is stipulated into evidence.
9. A Record of Road Test, consisting of two pages, is stipulated into evidence.
10. A Pre-Employment Urinalysis Notification, consisting of one page, is stipulated into evidence.
11. A Certificate of Written Examination, consisting of one page, is stipulated into evidence.
12. An Employer's Report of Occupational Injury or Disease with the Pennsylvania Bureau of Workers' Compensation, consisting of one page, is stipulated into evidence.
13. A Statement of Wages submitted to the Pennsylvania Bureau of Workers' Compensation, consisting of one page, is stipulated into evidence.
14. A Notice of Temporary Compensation Payable filed with the Pennsylvania Bureau of Workers' Compensation, consisting of one page, is stipulated into evidence.
15. Supplemental Agreement for Compensation for Disability, submitted to the Pennsylvania Bureau of Workers' Compensation, dated 18 October 1994, consisting of one page, is stipulated into evidence.
16. Supplemental Agreement for Compensation for Disability, filed with the Pennsylvania Bureau of Workers' Compensation, dated 17 November 1994, consisting of one page, is stipulated into evidence.
17. Plaintiff's Response to Defendants' Interrogatories and Request for Production of Documents, consisting of six pages, is stipulated into evidence.
18. Defendants' responses to plaintiff's discovery, consisting of five pages plus exhibits, are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 14 September 1993, plaintiff was involved in a motor vehicle accident outside of the State of North Carolina.
2. At that time, plaintiff was an employee of defendant-employer as an over-the-road truck driver. Plaintiff's residence was Fayetteville, North Carolina.
3. Plaintiff completed an Application for Employment with defendant-employer on 2 April 1993. Mr. Virgil Thomas, a sales manager for defendant-employer in Greensboro, North Carolina, recruited plaintiff for possible employment around this time. Plaintiff completed the Application, which was forwarded to defendant-employer in Carlisle, Pennsylvania.
4. After the submission of the Application for Employment, plaintiff signed a release for investigation into her employment background, a Pre-Employment Urinalysis Notification, and was given a driver's test and written test in Greensboro, North Carolina.
5. On 16 April 1993, Mr. Al Ott, Safety Manager with defendant-employer, conducted a Driver's Road Test and administered to plaintiff a written examination in Greensboro, North Carolina. In addition, on 16 April 1993, Mr. Ott transported a load of cargo and plaintiff to Carlisle, Pennsylvania, where she was interviewed by Mr. Art Carrigan, Vice-President of Operations.
6. On 16 April 1993, plaintiff arrived in Carlisle, Pennsylvania, defendant-employer's principal place of business, located at 551 Commerce Avenue, in Carlisle, Pennsylvania.
7. On 16 April 1993, plaintiff underwent a final interview with Mr. Carrigan. Plaintiff was hired on 17 April 1993.
8. The last act before any drivers, such as plaintiff, are hired by defendant-employer is the final interview by Mr. Carrigan, Vice-President of Operations at defendant-employer's principal place of business, located at 551 Commerce Avenue, in Carlisle, Pennsylvania.
9. On 17 April 1993, plaintiff had a general orientation and signed an Employee Probationary Agreement and an Employee's Withholding Allowance Certificate for tax purposes.
10. Following 17 April 1993, plaintiff resided in North Carolina. Plaintiff, however, worked primarily over the highways, covering a route from the East Coast to the West Coast and Florida. Plaintiff received dispatches from various places, including Carlisle, Pennsylvania, California and Greensboro, North Carolina, to pick up and deliver loads. Once plaintiff reached a certain destination, plaintiff received her next order and proceeded from there.
11. Although defendant-employer's terminal in Greensboro, North Carolina, was closer to plaintiff's residence, plaintiff's dispatches and assignments did not come principally from the Greensboro terminal. Instead, plaintiff's assignments principally came from the terminal in Carlisle, Pennsylvania, which was plaintiff's principal place of employment. Plaintiff's principal place of employment was not within the State of North Carolina.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. "Where an accident happens while the employee is employed elsewhere than in this State and the accident is one which would entitle him or his dependents or next of kin to compensation if it had happened in this State, then the employee or his dependents or next of kin shall be entitled to compensation (i) if the contract of employment was made in this State, (ii) if the employer's principal place of business is in this State, or (iii) if the employee's principal place of employment is within this State; provided, however, that if an employee or his dependents or next of kin shall receive compensation or damages under the laws of any other state nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided for in this Article." G.S. § 97-36.
2. Plaintiff's contract of employment was not made in this State. See, G.S. § 97-36.
3. The employer's principal place of business is not in this State. See, G.S. § 97-36.
4. The employee's principal place of employment is not within this State. See, G.S. § 97-36.
5. The Industrial Commission, therefore, does not have jurisdiction over plaintiff's injury of 14 September 1993 giving rise to this claim. G.S. § 97-36; See, Thomas v. Overland Express,Inc., 101 N.C. App. 90, 398 S.E.2d 921 (1990), disc. rev. denied,328 N.C. 576, 403 S.E.2d 522 (1991).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is DISMISSED for lack of jurisdiction.
2. Defendants shall pay the costs due this Commission.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER