The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence as a whole, the undersigned reached different facts and conclusions from those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law and ultimate award. Accordingly, the July 12, 1996 Opinion and Award is HEREBY VACATED.
The Full Commission find as facts and conclude as matters of law the following, which were entered into by the parties and in an Order on Final Pre-Trial Conference, as
STIPULATIONS
1. On July 1, 1994, an employment relationship existed between the plaintiff, William H. Murray, and the employer, Ahlstrom Industrial Holdings, Inc.
2. On July 1, 1994, Ahlstrom Industrial Holdings had three or more regularly employed employees.
3. As of July 1, 1994, Employers Insurance of Wausau was the carrier on the risk for the employer, Ahlstrom Industrial Holdings.
4. On or about July 1, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment when he fell in an Ahlstrom plant in Mississippi.
5. The parties agreed that the issues to be determined at present are:
 (a) Did plaintiff s employment contract occur in North Carolina or Mississippi?
 (b) Are the requirements of G.S. § 97-36 satisfied in this matter?
 (c) Does North Carolina have jurisdiction to hear this claim?
6. The parties further agree that should there be a finding of North Carolina jurisdiction that the extent of plaintiff s compensability shall be determined at a later hearing. Counsel for plaintiff explained that the reason for this stipulation is that plaintiff requires additional medical care as a result of the accident, which cannot be provided until jurisdiction is established.
Based upon the competent, credible and convincing evidence adduced at hearing and in the record as a whole, the undersigned makes the following additional
FINDINGS OF FACT
1. Plaintiff is a 37-year-old male who presently lives, and has resided his entire life, in Haywood County, North Carolina.
2. Plaintiff has worked in the past as an instrument and pipe general foreman. Plaintiff worked in this capacity for the defendant-employer at a facility in Calhoun, Tennessee, from approximately August of 1993 to March 18, 1994.
3. The employer, Kamtech, Inc., installs equipment manufactured by their parent company, Ahlstrom Industrial Holdings, Inc., in pulp and paper mills in the United States. The average Kamtech job takes less than one year. As each job winds down, the employees are let go; however, Kamtech has a preferential hiring policy with respect to prior employees.
4. Plaintiff was layed off from the Calhoun, Tennessee, job on March 18, 1994, thereafter drawing unemployment benefits.
5. After being unemployed for approximately 2-1/2 months, plaintiff, at home in Canton, North Carolina, received a telephone call from the Calhoun, Tennessee, site manager, Brian Kear. Plaintiff was at home when he received this call, during which Mr. Kear, as a duly authorized representative of defendant, asked plaintiff to come to work at a new Kamtech job site, in Corinth, Mississippi.
6. The telephone conversation between Brian Kear and plaintiff regarding the new job site in Corinth, Mississippi, took place in approximately mid-June 1994. In this conversation, plaintiff was initially offered an hourly wage of $16.50 per hour plus $150 per week per diem. The position which was offered was the instrument and pipe general foreman position. Plaintiff refused the $16.50 offer since he had earned a higher hourly rate in Tennessee. Plaintiff was called back while still in his home in Haywood County, North Carolina, by Mr. Kear. Mr. Kear told plaintiff that he had received authority to pay plaintiff the $20 per hour which plaintiff had requested, plus the $150 per week per diem. The call culminated in an offer by defendant of these employment terms, which were accepted by plaintiff.
7. On the basis of plaintiff's acceptance of defendant's offer of employment and the terms thereof, plaintiff proceeded to drive to the job-site at Corinth, Mississippi, accompanied by his family and with his camper.
8. On plaintiff's arrival at the job site in Mississippi, plaintiff was required to fill out various items of paperwork, these including an employment application, a 19 form, a drug and alcohol testing policy and consent form-n, a medical release and a medical history questionnaire, a form explaining the Kamtech insurance program, federal withholding tax forms, Mississippi state withholding tax forms, acknowledgments that plaintiff had received the Kamtech Safety and Employee Handbook, and an application for health insurance. These forms were to be retained at the job site during that job and then placed in storage. According to defendants own representative, the filling out of these paper documents was essentially an administrative function.
9. Defendants' representative further admitted that during the last call to plaintiff at plaintiff's North Carolina home, plaintiff was told that he was hired, and was directed to come to the Mississippi job site. Defendant paid travel expenses for plaintiff to come to Mississippi.
10. Plaintiff commenced work on or about June 13, 1994, and subsequently was injured when he fell at the job site on July 1, 1994.
The foregoing stipulations and additional findings of fact engender the following additional
CONCLUSIONS OF LAW
1. The test for determining the situs of a contract of employment for purposes of G.S. § 97-36 is where the "last act" n the establishment of the contract was performed. Thomas v.Overland Express, Inc., 101 N.C. App. 90, 398 S.E.2d 921 (1990), discretionary review denied, 328 N.C. 576, 403 S.E.2d 522 (1991).
2. In the instant case, the "last act" showing the meeting of the minds of plaintiff and representatives of defendant, and thus establishing a contract between them, occurred upon plaintiff's acceptance of the offer by defendant's representative of employment, while plaintiff was at his home in Canton, North Carolina. The paperwork completed in Mississippi was merely administrative and "after the fact" of the already-entered-into contract.
3. Accordingly, the "last act" of the contract of employment occurred in North Carolina, and the contract of employment was made in this state, thus qualifying under G.S. § 97-36 for jurisdiction in this matter in the North Carolina Industrial Commission.
* * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law, engender the following
AWARD
It is, therefore, the decision of the undersigned that the contract of employment between plaintiff and defendant was formed in North Carolina, and pursuant to G.S. § 97-36, the North Carolina Industrial Commission has jurisdiction in this matter. The parties have stipulated that on or about July 1, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment when he slipped and fell in an Ahlstrom plant in Mississippi; that defendant had three or more regularly employed employees; and that an employment relationship existed between plaintiff and defendant.
IT IS ORDERED that defendants shall afford plaintiff those benefits to which plaintiff is entitled under the North Carolina Workers' Compensation Act. (Chapter 97, General Statutes of North Carolina).
This matter may be re-calendared by either party for further proceedings by the filing of an appropriate Form 33, if necessary, to resolve remaining matters in this case.
This case is HEREBY REMOVED from the Full Commission hearing docket.
This the _____ day of __________________, 1997.
 S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________ DIANNE C. SELLERS COMMISSIONER
S/ ____________ THOMAS J. BOLCH COMMISSIONER
JHBjr/abk