***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On September 21, 2005, plaintiff sustained an injury by accident when his tractor-trailer overturned in Danville, Virginia. *Page 2 
2. At all times relevant to these claims, the employer-employee relationship existed between plaintiff and defendant-employer, but the employer and carrier dispute that the North Carolina Industrial Commission has jurisdiction over this claim.
3. Insurance Company of the State of Pennsylvania is the carrier for the employer.
4. The parties stipulate that defendants have paid plaintiff workers' compensation benefits pursuant to Kentucky law. Therefore, any recovery under North Carolina law must be limited to the extent required pursuant to N.C. Gen. Stat. § 97-36.
5. Plaintiff did not report his per diem payments as income on his federal income tax returns and defendant-employer did not issue Forms 1099 to plaintiff reflecting those payments.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 41 years old. Plaintiff is originally from Togo, in western Africa, but is now a United States citizen after coming to this country about seven years ago. Plaintiff's native tongue is French and he testified through an interpreter at the hearing before the Deputy Commissioner but plaintiff does speak some English.
2. Plaintiff resides in Durham, North Carolina and has resided there since before he became employed with defendant-employer.
3. Defendant-employer is a trucking company with its headquarters and primary terminal located in Somerset, Kentucky. During plaintiff's employment with defendant-employer, defendant-employer did not have a terminal in North Carolina but rather had terminals *Page 3 
in Kentucky, Georgia, Tennessee and Indiana. Defendant-employer's principal place of business is in Kentucky, not North Carolina.
4. Plaintiff began working for defendant-employer in March of 2004 as a tractor-trailer driver. In early March of 2004, plaintiff responded to an advertisement seeking truck drivers that defendant-employer had placed in the Durham Herald-Sun newspaper.
5. When plaintiff responded to the advertisement, he called from his home in Durham to defendant-employer's headquarters in Kentucky and spoke with a recruiter, Aubrey Harris. Plaintiff provided Ms. Harris with background information so that defendant-employer could check plaintiff's driving record to determine whether plaintiff was eligible for hire as a truck driver.
6. After investigating plaintiff's driving record and confirming that he was eligible for hire, defendant-employer bought plaintiff a bus ticket for him to travel from Durham to defendant-employer's headquarters in Somerset, Kentucky, where plaintiff filled out a written job application, completed a road test and a drug screen, and submitted documentation of his having passed the DOT physical examination.
7. Plaintiff then participated in two days of orientation with defendant-employer, after which he began driving for defendant-employer straight out of Kentucky.
8. No one is eligible for hire by defendant-employer as a tractor-trailer driver without first successfully completing the road test and drug screen, passing the physical, and submitting the written application. All of these acts happened in Kentucky. Some of the requirements that plaintiff fulfilled in Kentucky were mandated by federal regulations before plaintiff could drive for defendant-employer. Thus the undersigned find that the last act giving *Page 4 
rise to the contract of employment between plaintiff and defendant-employer did not take place in North Carolina, but rather in Kentucky.
9. Defendant-employer maintained documentation showing (1) every location at which its drivers pick up or drop off trailers with any sort of load; (2) the origin and destination for each load transported by its drivers; and (3) the origin and destination of each movement by its drivers, whether transporting a load or not.
10. While plaintiff was employed by defendant-employer, he drove in many states and completed many trips that did not involve travel to or in North Carolina. More of plaintiff's loads originated or ended in Kentucky and Georgia than in North Carolina. In particular, plaintiff transported nearly twice as many loads to and from destinations in Kentucky than destinations in North Carolina. In addition, approximately 51% of plaintiff's movements, whether loaded or not, took place to or from a destination in Kentucky, approximately 32% of those movements were to or from Georgia, and only approximately 28% of those movements were to or from North Carolina. Thus, plaintiff's principal place of employment was not located in North Carolina.
 ***********
Based upon the foregoing findings of fact, the undersigned conclude as follows:
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has subject matter jurisdiction over claims arising out of accidents occurring outside North Carolina if (1) the employee's contract of employment was made in North Carolina; (2) the employer's principal place of business is in North Carolina; or (3) the employee's principal place of employment is in North Carolina. N.C. Gen. Stat. § 97-36. Because the last act giving rise to the contract of employment between *Page 5 
plaintiff and defendant-employer took place in Kentucky, plaintiff's contract of employment with defendant-employer was not made in North Carolina. Thomas v. Overland Express, Inc., 101 N.C. App. 90,398 S.E.2d 921 (1990). Defendant-employer's principal place of business is not in North Carolina. Plaintiff's principal place of employment with defendant-employer was not in North Carolina. Thus the North Carolina Industrial Commission does not have subject matter jurisdiction over plaintiff's claim. N.C. Gen. Stat. § 97-36.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the undersigned enter the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.
2. Each side shall bear its own costs.
This the 30th day of October 2007.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 DISSENTING IN PART: *Page 6 
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 7