***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has shown good ground to reconsider the evidence. Having reviewed the competent evidence of record, the Full Commission rejects the findings of fact found in the Opinion and Award of Deputy Commissioner Hall and enters the following Opinion and Award.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Defendant Last Rebel Trucking, Inc. was uninsured on October 21, 2004.
2. Defendant Comtrak Logistics is insured by Great West Casualty Insurance Company.
3. Since the date of his injury by accident, plaintiff has received benefits in the amount of $500.00 per week pursuant to a Truckers Occupational Accident Coverage plan issued by Old Republic Life Insurance Company. This policy was issued in the name of Comtrak, Inc. Plaintiff was informed that benefits payable under this policy are due to end as of October 20, 2007.
4. Bills for plaintiff's medical treatment were paid through about December 2006 pursuant to the policy of insurance described above.
 ***********
The following were marked and received into evidence as:
 EXHIBITS
1. Stipulated Exhibit 1 — Form 18.
2. Stipulated Exhibit 2 — Form 33.
3. Stipulated Exhibit 3 — Form 33R from Last Rebel.
4. Stipulated Exhibit 4 — Form 61 from Last Rebel.
5. Stipulated Exhibit 5 — Amended Form 18.
6. Stipulated Exhibit 6 — A policy of insurance issued by Old Republic Life Insurance Company in the name of Comtrak, Inc. (38 pages).
7. Stipulated Exhibit 7 — Equipment Lease Contract between Employer-Defendants. *Page 3 
8. Stipulated Exhibit 8 — Medical Records (501 pages).
9. Stipulated Exhibit 9 — Medical Bills (278 pages).
10. Stipulated Exhibit 10 — Form 33R from Comtrak.
11. Stipulated Exhibit 11 — Form 61 from Comtrak.
12. Stipulated Exhibit 12 — Personnel records maintained by Comtrak (55 pages).
13. Stipulated Exhibit 13 — Reports of Cathy Dayton, RN dated 12/22/04-12/21/06.
14. Stipulated Exhibit 14 — Letter to Thomas J. Chambers, M.D.
15. Stipulated Exhibit 15 — Letter to Jeff Benjamin, D.O.
16. Plaintiff's Exhibit 1 — Comtrak Welcome Letter.
17. Plaintiff's Exhibit 2 — Comtrak Driver Qualification Form.
18. Plaintiff's Exhibit 3 — Plaintiff's Trip Records.
19. Plaintiff's Exhibit 4 — Plaintiff's Dispatch Sheets from Comtrak.
20. Plaintiff's Exhibit 5 — Plaintiff's Daily Log Book.
21. Plaintiff's Exhibit 6 — Checks from Last Rebel Trucking, Inc.
22. Plaintiff's Exhibit 7 — Last Rebel's Earnings Statements and Driver Settlements.
23. Plaintiff's Exhibit 8 — Drawing by Plaintiff.
24. Plaintiff's Exhibit 9 — Plaintiff's AT T Phone Bills.
25. Plaintiff's Exhibit 10 — Plaintiff's Verizon Phone Records.
26. Plaintiff's Exhibit 11 — Letter for Cindy Bivens from Plaintiff.
27. Plaintiff's Exhibit 12 — Letter to Comtrak from Plaintiff.
28. Plaintiff's Exhibit 13 — 11/9/04 letter to Comtrak and Last Rebel from Plaintiff.
29. Plaintiff's Exhibit 14 — Letter dated 7/18/06 from Sandra Cales to Plaintiff.
30. Plaintiff's Exhibit 15 — Letter dated 1/8/07 from Sandra Cales to Plaintiff. *Page 4 
31. Plaintiff's Exhibit 16 — Letter dated 1/19/07 from Sandra Cales to Plaintiff.
32. Plaintiff's Exhibit 17 — Letter to Cindy Bivens and Roby Henderson from Plaintiff.
33. Plaintiff's Exhibit 18 — Letters from Cathy Dayton to Plaintiff.
34. Plaintiff's Exhibit 19 — Handwritten Notes of Ann Hojnacki.
35. Plaintiff's Exhibit 20 — Comtrak's Response to Plaintiff's Interrogatories.
36. Plaintiff's Exhibit 21 — Last Rebel's Response to Plaintiff's Interrogatories.
37. Plaintiff's Exhibit 22 — Last Rebel's Certificate of Insurance.
38. Defendant Last Rebel Exhibits 1-36 — Pictures of a Last Rebel truck not driven by Plaintiff.
39. Defendant Last Rebel Exhibit 37 — Plaintiff's Initial Claim Report and Proof of Loss.
40. Defendant Last Rebel Exhibit 38 — Plaintiff's response to Defendants' Interrogatories.
41. Defendant Last Rebel Exhibit 39 — Sample application for qualification form.
42. State's Exhibit 1 — Secretary of State's corporate records for Last Rebel Trucking, Inc.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 66 years old, married, and had three children. Plaintiff was also living in South Carolina, but has *Page 5 
previously lived in North Carolina. Plaintiff was a truck driver for his entire working life. He previously owned his own truck and at one point ran his own trucking company. At the time of his injury giving rise to this claim, plaintiff resided in South Carolina.
2. Defendant Last Rebel Trucking, Inc. is a North Carolina trucking company, whose president is Cindy Bivens and whose vice president is Roby Henderson. Ms. Bivens ran the company at the time of plaintiff's injury and Mr. Henderson drove one of the company's trucks. Last Rebel was uninsured as of the date of plaintiff's injury.
3. Comtrak Logistics is a Tennessee corporation with places of business in Charlotte, North Carolina and Charleston, South Carolina. Comtrak is in the business of transporting goods in interstate commerce through the use of tractor-trailers. In order to perform its work, Comtrak acquires drivers either by hiring them directly, or through owners of tractor-trailers such as Last Rebel. Comtrak calls its directly hired drivers employees while it calls the drivers hired through tractor-trailer owners independent contractors. There is very little distinction between the terms of employment of Comtrak's employees and its independent contractors. At the time relevant to this case, Comtrak had 11 employees at its Charlotte, North Carolina terminal.
4. In the summer of 2004, plaintiff discussed with Ms. Bivens the opportunity to drive for her. Ms. Bivens had recently purchased a second truck and was looking to lease it to Comtrak. Ms. Bivens collected plaintiff's information and submitted it to Comtrak for Comtrak's approval. Plaintiff would be required to attend Comtrak School which was a two day orientation session in Atlanta, Georgia. Comtrak would not approve plaintiff as a driver until he completed the course in Atlanta. Plaintiff would be based at Comtrak's Charleston terminal, and Ms. Bivens would have no authority to hire or fire plaintiff. *Page 6 
5. After completing the Comtrak School in July or August of 2004, plaintiff was required to undergo a DOT physical and pass a drug screen, which were undertaken in Atlanta, Georgia where plaintiff was given the job application by Comtrak. Plaintiff completed an Application for Qualification from Comtrak on August 31, 2004 in Atlanta. He also underwent and passed a physical, drug test, and driving test. Plaintiff received an operations manual and a letter welcoming him as a member of the Comtrak family.
6. Comtrak and Last Rebel entered into a written lease agreement whereby Comtrak would have exclusive control over the driver of the truck with the ability to terminate at will. Comtrak would make payments to Last Rebel based on miles driven by plaintiff in Last Rebel's truck, and also included a recruiting fee, a per driver fee to be paid by Comtrak. Pursuant to the contract, Comtrak directed all the daily work activities of the driver.
7. Comtrak delivered all scheduling orders to plaintiff by fax usually through the Charleston, South Carolina terminal or directly to the truck's on-board computer. Plaintiff's truck was operated under Comtrak's Department of Transportation license. Comtrak provided plaintiff with trip sheets and federally mandated log books to record all of his work activities. Plaintiff was required to submit the completed sheets and log books back to Comtrak at the dispatch in Charleston, South Carolina.
9. The Full Commission finds that the greater weight of the evidence does not establish an employment agreement between plaintiff and Last Rebel, but rather that plaintiff was an employee of Comtrak.
10. Around midnight on the night of October 21, 2004, plaintiff was in the process of preparing his truck to make a delivery for Comtrak to Chattanooga, Tennessee. In order to hook up air hoses between his truck and the trailer, plaintiff stood on a platform located behind the cab *Page 7 
of his truck. Plaintiff had made this type of truck-trailer connection numerous times without incident. While hooking up the hoses, plaintiff's right leg slid off the platform and he fell into a gap between two platforms behind the cab of his truck. Plaintiff's right leg was wedged into this gap while his left leg remained on one of the platforms, and he became stuck. Plaintiff immediately felt pain in his shoulder and was bleeding from his head, arms, and chest. After two hours of effort, plaintiff managed to extricate himself from his position. Plaintiff then cleaned off his truck, and though still in pain, nonetheless made the scheduled delivery to Chattanooga that morning.
11. Cheryl Bowie, Comtrak's Director of Safety, received plaintiff's report of his injury shortly after it occurred. Bowie signed an insurance form on October 28, 2004 describing plaintiff's injury and noting that plaintiff was under dispatch at the time of his accident.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The greater weight of the credible evidence proves that plaintiff was not an employee of Last Rebel, but rather was an employee of Comtrak at the time of plaintiff's injury. N.C. Gen. Stat. §§ 97-2(2); 97-19.1.
2. The North Carolina Industrial Commission has subject matter jurisdiction over claims arising out of accidents occurring outside North Carolina if (1) the employee's contract of employment was made in North Carolina; (2) the employer's principal place of business is in North Carolina; or (3) the employee's principal place of employment is in North Carolina. N.C. Gen. Stat. § 97-36. Because the last act giving rise to plaintiff's employment with Comtrak took *Page 8 
place in Georgia, plaintiff's contract of employment with Comtrak was not made in North Carolina. Thomas v. Overland Express, Inc.,101 N.C. App. 90, 398 S.E.2d 921 (1990). Comtrak's principal place of business is not in North Carolina. Plaintiff's principal place of employment with Comtrak was not in North Carolina. Thus the North Carolina Industrial Commission does not have subject matter jurisdiction over plaintiff's claim. N.C. Gen. Stat. § 97-36.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.
2. Each side shall bear its own costs.
This the 25th day of September, 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 9 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER